## L. A. Ellis v. Walter Tips.

Decided April 7, 1897.

**1. Damages—Sale of Machinery.**

The difference between the value of machinery delivered and that called for by the contract will generally constitute the measure of damages in case of a breach. But when the machinery was intended and warranted to do particular work, the damages caused by its failure, as extra expenses, injury to cotton in ginning, detention of machinery while repairing, etc., may be recovered if alleged to have been in the contemplation of the parties, but not unless so alleged.

**2. Material Error—Exceptions—Verdict.**

Error in sustaining exceptions to defendant's cross-action alleging special damages on breach of warranty in contract of sale is not cured by a verdict for plaintiff under instructions requiring a compliance by plaintiff with the contract, where such recovery was for less than the amount conceded to be due in case of such compliance and shows that some damages were allowed in abatement of plaintiff's claim.

**3. Same.**

Neither was such error cured by a finding in plaintiff's favor in regard to defendant's right to rescind the contract.

**4. Damages—Decline in Value.**

Pleadings claiming damages by reason of decline in value of cotton should show that it was sold at the less value or that the decline in value was permanent.

**5. Abatement—Pending Suit.**

The vendee in a sale of personal property by written contract, who has instituted suit in the county of its performance for rescission of the contract and for damages, with tender of return of property, can not plead the pendency of such suit in abatement of an action subsequently brought by the vendor against him in the county of his residence for the purchase price.

Appeal from Travis. Tried below before Hon. F. G. Morris.

Walter Tips brought this suit against L. A. Ellis on December 16, 1895, in the District Court of Travis County, the residence of both plain-

tiff and defendant, to recover the purchase price of certain cotton ginning machinery sold and placed on the plantation of Ellis in Fort Bend County. Defendant, among other defenses, pleaded in abatement the pendency of a suit brought by him against plaintiff on December 12, 1895, in the District Court of Fort Bend County, the place of performance of the written contract of sale, in which he sought rescission of the contract and damages for failure of the machinery to meet the terms of the contract, and tendered a return thereof. The court sustained a demurrer to this plea.

*West & Cochran* and *Eugene Williams,* for appellant.—1. Appellant Ellis having first instituted a suit against the appellee Tips in the District Court of Fort Bend County involving the same subject matter as this suit, subsequently brought by Tips against Ellis, the District Court of Travis County ought not to have stricken out appellant's pleadings setting up these facts, as the same constituted a complete defense to this action.

2. A judgment rendered in favor of appellant Ellis in the suit brought in Fort Bend County canceling the contract between appellant and appellee would be res adjudicata and prevent a recovery by appellee in the action brought in Travis County, and the result of the Fort Bend County suit would be res adjudicata, not only as to the issues raised by appellant's pleadings, but also as to all issues which appellee might have interposed in the Fort Bend County suit, even had he failed to interpose them there, this being the prior suit between the same parties in reference to the same subject matter. Acts Leg., 1846, p. 371, sec. 31; Rev. Stats., art. 1265; Drake v. Brander, 8 Texas, 357; Ins. Co. v. Brune's assignee, 96 U. S., 588; Trawick v. Martin-Brown Co., 74 Texas, 522; Colt v. Partridge, 7 Met., 574; Bank v. Tarbox, 20 Conn., 515; Damon v. Denny, 54 Conn., 253; Rogers v. Hoskins, 15 Ga., 274; Renner v. Marshall, 1 Wheat., 215; Spary's Case, 5 Coke, 61; Watson v. Jones, 13 Wall., 697; 1 Am. and Eng. Encyc. of Plead. and Prac., 762; 8 Am. and Eng. Encyc. of Law, 549;

3. Appellant Ellis was entitled to recover from appellee Tips, as actual damages, by reason of the failure on the part of the latter to comply with the terms of the contract of April 11, 1895, such expenditures as were rendered necessary thereby, or such as a man of ordinary prudence would have incurred under like circumstances, and hence Ellis claimed compensation for extra hands hired to run the machinery beyond the time contemplated by Tips' warranty, and for wood burned in excess of what should have been consumed, owing to the defectiveness of the machinery. All these claims were recoverable. Chatham v. Jones, 69 Texas, 745; Houchins v. Williams Bros., 25 S. W. Rep., 730; Alamo Mills v. Hercules Iron Works, 1 Texas Civ. App., 683; Tompkins Co. v. Street Ry. Co., 4 Texas Civ. App., 1; Bagley v. Rolling Mill, 21 Fed. Rep., 159; 2 Suth. on Dam.; secs. 670, 672, 676.

4. Appellant Ellis was entitled to recover from appellee Tips, as the

direct and proximate result of the failure on the part of the latter to comply with the terms of the contract of April 11, 1895, as actual damages, the value of the cotton lost because of storing and rehandling it, and the same lost to him by reason of the decline in the market price of cotton and demurrage paid to the railroad. Jones v. George, 61 Texas, 345; Porter v. Burkett, 65 Texas, 386; Electric Co. v. Water Co., 27 S. W. Rep., 504; Chatham v. Jones, 69 Texas, 745.

*W. F. North* and *Hogg & Robertson*, for appellee.—1. The plea in abatement because of the pendency of another suit, to be sufficient, must show that there is identity of parties, that is, that the same person is plaintiff in both suits. Where the parties are reversed, the plaintiff in one suit being defendant in the other, both suits may be maintained at the same time. Langham v. Thomason, 5 Texas, 127; 1 Am. and Eng. Encyc. of Plead. and Prac., 758; 8 Am. and Eng. Encyc. of Law, 532; Walsworth v. Johnson, 41 Cal., 61; Watson v. Jones, 13 Wall, 679; Cook v. Burnley, 11 Wall., 659; Barr v. Chapman, 5 Ohio Cir. Ct. Rep., 69; Colt v. Partridge, 7 Met., 570; Screw Co. v. Bliven, 3 Blatch., 240.

2. To sustain a plea in abatement because of another suit pending, it must affirmatively appear from the face of the plea that the two suits are for the same cause of action. The identity of matters involved must be such that a judgment in one could be pleaded in bar of the other as a former adjudication. Where the relief obtainable in the two suits is essentially different, they may be prosecuted at the same time, although the same questions may be to some extent involved in both. Simmang v. Braunagel, 27 S. W. Rep., 1032; 1 Am. and Eng. Encyc. of Plead. and Prac., 761, 762, 763; Tompkins v. Gerry, 43 Ill. App., 255; Railway v. Davenport, 154 Pa. St., 111; Stroh v. Uhrich, 1 Watts & S., 57; Iron Co. v. Pope, 108 N. Y., 232; Pierce v. Feagans, 39 Fed. Rep., 587; Mfg. Co. v. Scutt, 22 Fed. Rep., 710; Sharon v. Hill, 22 Fed. Rep., 28; Corlin v. Richardson, 1 N. Y., 772.

3. The damages claimed by appellant because of the alleged breach of contract were too remote to form the basis of a recovery, and it further appeared from appellant's pleadings that all of the damages complained of were inflicted upon himself after he had full knowledge of the condition of the machinery and of the fact that same was causing injury to him, and as he could not recover for injuries thus voluntarily inflicted upon himself, the court did not err in striking out his claim for damages. The court did not err in striking out the appellant's claim for damages, because no correct measure of damage was pleaded by him, as he did not plead or prove the value of the use of the machinery, which must have been alleged and proven and deducted from the amount of damage sustained, in order to show what the actual and true measure of damages was. Railway v. Bayliss, 62 Texas, 570.

4. The appellant's theory was that no trade had ever been consummated and that he did not owe the appellee any money upon the contract, because he had never received the machinery. To entitle him to damages

by reason of a breach of the contract, he must have shown a failure on the part of the appellee to comply with the terms of the contract. This question was fully and fairly submittted to the jury, and by their verdict it was determined that the appellee Tips had complied with his contract, and under this finding the appellant would not be entitled to recover any damages. Therefore, even if it were error to withdraw the questions of damages from the jury, the verdict upon this issue in favor of appellee renders such error harmless. Wright v. Davenport, 44 Texas, 164; Stark v. Alford, 49 Texas, 260; Tomkins Co. v. Street Ry. Co., 4 Texas Civ. App., 1; Watkins v. Junker, 4 Texas Civ. App., 629; Greenwood v. Pierce, 58 Texas, 130; 1 W. & W. C. C., sec. 130; Hope v. Alley, 9 Texas, 394; Calvit v. McFaddin, 13 Texas, 324; Jones v. George, 61 Texas, 345; Exp. Co. v. Darnell, 62 Texas, 639; Porter v. Burkett, 65 Texas, 386; Brandon v. Mfg. Co., 51 Texas, 128; Seale v. Railway, 65 Texas, 274; Parks v. Tool Co., 54 N. Y., 586; Zuller v. Rogers, 7 Hun, 540; Reed v. Randall, 29 N. Y., 358; Draper v. Sweet, 66 Barb., 145; Allison v. Vaughn, 40 Iowa, 421; Sedg. on Measure of Dam., 294, 291, 292; Railway v. Simonton, 2 Texas Civ. App., 558; Railway v. Cole, 66 Texas, 564; Railway v. Coon, 69 Texas, 730.

5. The charge of the court submitted to the jury in clear and distinct terms the question as to whether or not appellee had complied with his contract of sale of the machinery, and this question being determined by the finding of the jury in favor of the appellee, any other error in the charge became immaterial, because the appellant had no right to recover damages unless there was a failure to perform a contract by appellee. Shifflet v. Morelle, 68 Texas, 392.

KEY, Associate Justice.—This is a suit by appellee to recover the contract price of a cotton gin and gin machinery placed by him on appellant's plantation in Fort Bend County, less a credit of $190, conceded by appellee.

Appellant's answer embraced a plea in abatement, alleging the pendency of a suit in Fort Bend County between him and appellee involving the same subject matter in controversy in this suit; a general demurrer and special exceptions; a plea to the merits, denying all liability except for the sum of $135.90, which amount he alleged had been tendered to appellee; and a plea of failure of consideration as to one branch of liability set up in plaintiff's petition.

Appellant also filed a cross-action, in which he sought a rescission of the contract of sale, and to recover damages from appellant on account of noncompliance with certain warranties in the contract and the failure of appellee to comply with the terms thereof.

The trial court sustained the plaintiff's exception to defendant's plea in abatement and also his exception to defendant's cross-action for damages, and upon trial a verdict and judgment were rendered for the plaintiff for $1600, with 8 per cent interest from October 1, 1895. The defendant has appealed.

The paragraphs of the defendant's plea in reconvention marked (A), (B) and (C) sought to recover for extra expenses alleged to have been incurred by the defendant while operating and testing the machinery, and which, it is alleged, would not have been incurred had the machinery been such as the plaintiff guaranteed and warranted it to be.

Paragraph (D), as amended by the defendant's trial amendment, sought to recover for injury by the machinery to the cotton that was ginned.

Paragraph (E) averred that, on account of plaintiff's delay in furnishing the machinery, the improper manner in which his agent worked the same, and said agent's detention of the machinery while repairing the same, the defendant had been compelled to store his cotton, as picked, in different houses on his plantation, and thereafter rehaul and rehandle the same, at an actual cost of $250.

Appellant alleged that the facts pleaded by him in the paragraphs of his cross-action referred to were, at the time the contract was entered into, in contemplation of the parties as results expected to flow from a breach of the contract on the part of the appellee.

Plaintiff excepted to each of said items of damage as being too remote, and the court below sustained the exception.

In this ruling we think the court erred. While the general rule is that the difference between the value of the machinery delivered and that called for by the contract will constitute the measure of damages, this is not always the case; and when, as in this case, it is alleged that the machinery was intended to do particular work at a particular time and place, and that the seller agreed and warranted that it would accomplish the purpose for which the buyer was procuring it, and that damages such as have been referred to were contemplated by the parties as likely to result from a breach of the contract on the part of the seller, such special or consequential damages are recoverable. Jones v. George, 61 Texas, 347; Chatham v. Jones, 69 Texas, 745; Alamo Mills v. Hercules Iron Works, 1 Texas Civ. App., 683; Houchins v. Williams Bros., 25 S. W. Rep., 730.

Of course, as held by this court in Railway v. Gilbert, 4 Texas Civil Appeals, 366, and Wells, Fargo & Co. v. Battle, 5 Texas Civil Appeals, 532, the party seeking to recover special damages must allege and prove that such damages were in contemplation of the parties at the time the contract was made. The pleading under consideration complies with this rule, and therefore the damages sought to be recovered in the portions of the plea in reconvention to which we have referred were not too remote.

It is contended, however, by counsel for appellee, that if the court erred in the ruling referred to the error is now harmless, because the court instructed the jury, as a prerequisite to a recovery by the plaintiff, that they must believe from the testimony, either that the contract of settlement pleaded by the plaintiff had been made and complied with, as alleged by him, or that he had complied with the terms of the original contract; and inasmuch as the jury returned a verdict for the plaintiff,

the defendant could not recover on his cross-action, because the verdict in effect determined either that there had been no breach of the original contract by the plaintiff, or, if he had breached the contract, the rights of the parties had been adjusted and settled by the subsequent contract of settlement pleaded by the plaintiff.

It is true that the court instructed the jury, if the plaintiff had complied with the terms of the original contract, or if the parties had made a subsequent contract of settlement, as pleaded by the plaintiff, and the plaintiff had complied with the terms thereof, to find for the plaintiff. But it is also true that the court told the jury, in clear and positive terms, that if they found for the plaintiff on either of the theories referred to they would fix the amount of his recovery at the original contract price of the machinery, less the sum of $190. It is agreed by both sides, and stipulated in the original contract, that the price of the machinery was to be $2150. Deducting $190 from $2150 leaves $1960. And if it is to be held that, because the jury returned a verdict in favor of the plaintiff, they found that he had complied with his contract and was not in fault, then why is it that they disregarded that portion of the court's charge in reference to the amount that the plaintiff would be entitled to recover? If the jury decided that the plaintiff had complied with the terms of the original contract, or that there had been a subsequent contract of settlement and the plaintiff had complied with its terms, then why did they not allow him the amount the court in effect told them to allow, if they so decided? It is true the plaintiff's petition included a small sum alleged to be due by the defendant on an account, and the court submitted the issues presented on that phase of the case to the jury. But under no reasonable construction that can be placed on the testimony, if the plaintiff's claim is not abated by damages allowed the defendant, can the plaintiff's recovery be reduced to $1600, the amount allowed him by the jury.

It is also true that the court submitted to the jury the issue as to the defendant's right to rescind the contract, and the verdict was against him on that issue; but his right to recover damages for a breach of warranty did not depend, necessarily, upon his right to rescind the contract. Though not entitled to rescind, he might be entitled to recover damages for a breach of warranty. Hayden v. Houghton, 24 S. W. Rep., 803.

Had the case been submitted on special issues and the jury found, in express terms, that the contract of settlement was made and complied with, as alleged by the plaintiff, or that he had complied with the original contract, such express finding would have determined that the defendant was not entitled to recover damages. But as the jury did not so expressly find, and as the amount allowed the plaintiff leaves room for the suspicion that they did not consider that he had fully complied with his contract and undertook to allow the defendant some damages as an offset against the contract price of the machinery, we are not prepared to say that the error committed in sustaining the exception to the defendant's counter-claim resulted in no harm to him.

We do not think the court erred in sustaining the plaintiff's exception to the defendant's claim for exemplary damages. The claim for damages predicated upon the fact, as alleged, that in view of the delay the defendant was required to pay for extra cars to haul his cotton-seed is not alleged to have been in contemplation of the parties at the time the contract was made. The demand for loss resulting from depreciation in the value of the cotton is not well pleaded. It does not allege that there was any decline in the value of defendant's cotton, nor does it allege that he had sold his cotton while the market was low or at a less price than he otherwise would have done. In fact, it does not allege that he ever sold it, and does not show that the decline in price was permanent. For aught that appears in the plea the defendant may still own the cotton and it may be worth as much as it was at the time that he claims he would have gotten it on the market if the plaintiff had complied with his contract.

In view of the disposition made of the case there are some other questions presented which it is not necessary that we should decide, as they are not likely to arise upon another trial. .

There are other questions which have been considered and as to which we sustain the rulings of the court below, without extending this opinion to the length that would be required to discuss them separately. However, we specially mention the plea in abatement and state that we think the court was correct in sustaining the plaintiff's exceptions thereto.

For the reasons given, the judgment is reversed and the cause remanded.

*Reversed and remanded.*