FRED W. WOLF COMPANY v. D. G. GALBRAITH.

Decided April 16, 1904.

**1.—Contract—Breach—Agreement to Give Lien on Homestead—Nonjoinder of Wife.**

The validity of a contract whereby defendant company agreed to furnish plaintiff certain ice-making machinery, to be placed on his homestead, a lien on the property to be afterwards given by defendant and wife, could not be assailed by defendant, in an action of damages for its breach, on the ground that the wife had not joined in making the contract, since defendant would be liable on it in damages should the wife refuse, at the proper time, to join in executing the lien.

**2.—Same—Measure of Damages for Breach—Profits.**

In an action for damages for breach of a contract whereby defendant agreed to sell plaintiff certain machinery, wherein the profits to be derived from the operation of the machinery are shown to have been within the contemplation of the parties, and their loss the direct result of the breach of the contract, a recovery may be had for such lost profits.

**3.—Same—Anti-Trust Statute of 1895.**

The Texas anti-trust statute of 1895 being itself void, can not be invoked to defeat an action of damages for breach of a contract on the ground that the contract is in violation of such statute.

**4.—Same—Contract Made Subject to Approval of Principal.**

Where in an action for breach of a contract to sell certain machinery, executed for the seller by an agent, there was pleading and evidence to the effect that the agent signed the contract upon the understanding that it was to be submitted to and approved by the seller before taking effect, it was error for the court to refuse to submit that issue to the jury.

Appeal from the District Court of Palo Pinto. Tried below before Hon. W. J. Oxford.

*Orick & Terrell* and *W. P. Gibbs*, for appellant.

*Crudgington & Penix, McConnell & Smith*, and *Theodore Mack*, for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellee sued appellant to recover damages for its failure to fulfill a contract to furnish him with certain ice-making machinery, by reason of which breach he lost the profits upon sales of ice, which profits it was alleged were known to, and in the contemplation of, the parties at the time of entering into the contract for the machinery.

We think there is no merit in the first and second assignments of error, which attack the sufficiency of the contract because of the failure of the wife of appellee to sign and acknowledge the same. While it is true that before a lien can be created upon a homestead for improvements to be erected thereon the wife must sign and properly acknowledge the lien as provided by law, nevertheless we think that principle has nothing to do with this case. The contract between appellant and appellee wherein the latter undertook and agreed to give to the former a mechanic's lien upon the premises whereon the machinery was to be situated may be a perfectly valid contract, although he may in fact be

unable to comply with his undertaking. For his failure in this respect he might be liable to appellant for the damages. The contract under consideration did not purport to create the lien, but contemplated a lien to be executed in the future, and presumably prior to the erection of the improvements. This lien when executed would require the wife's signature, but her signature and acknowledgement of the present contract would have imparted no additional validity whatever to it, in truth would not have been binding upon her at all; it would have been in the nature of a contract to execute a conveyance of or mortgage upon the homestead, which is unenforcible against a married woman.

We are also of opinion the allegations and proof were sufficient to raise the issue that the lost profits of appellee from the sales of ice which he would have made form a proper element of damages to be recovered in this case. Ordinarily, to be sure, lost profits or other special damages of whatever character will not form the measure of damages for breach of contract, but where such profits are shown to be within the contemplation of the parties, and shown to be the direct result of the breach of contract, they are recoverable. Alamo Mills C. v. Hercules Iron Works, 1 Texas Civ. App., 683, 22 S. W. Rep., 1099; Ellis v. Tipps, 16 Texas Civ. App., 82, 40 S. W. Rep., 524; Anderson Elec. L. Co. v. Cleburne Water I. and L. Co., 44 S. W. Rep., 931; Plano Manfg. Co. v. Cooper, No. 4210, decided by this court (memorandum opinion) on May 30, 1903.

Neither can we sustain the assignment complaining that the contract between appellee and Green, the person to whom appellee had contracted the output of ice, promising to him the profits sought to be recovered in this case, was in violation of the anti-trust statute, and therefore void. The statute in force at the time of the making of this contract (1895) being itself void, the contract is not forbidden. Connelly v. Sewer Pipe Co., 184 U. S., 679; State v. Shippers Compress Co., 95 Texas, 603; Gammel Book Co., v. McCarty, by this court, unreported.

The court did err, however, in refusing to submit to the jury special charge number 3 requested by appellant. This charge sought to submit an issue not otherwise embraced in the charges given, and was as follows: "You are instructed if you believe from the evidence that the proposition sent in duplicate, one to Maddox and the other to Galbraith, by the Fred W. Wolf Company, was changed and other matters were inserted in same after same was received by Maddox and Galbraith, and that the said Maddox signed same with the understanding that said proposition as changed should be returned to the Fred W. Wolf Company for its approval, then you are instructed to find for the defendant." This issue was distinctly pleaded and as distinctly raised by the testimony of appellant's agent, Maddox, as well also by the attorney who wrote the proposition of contract. Even though the agent, Maddox, had the authority, as the jury found he had, to make the con-

tract with appellee, yet if it be true that he did not make the contract, but only signed the same with the understanding that the changed proposition should be submitted to his principal before it should be binding as a contract, clearly appellant would not be bound in the absence of an approval, which the undisputed evidence shows has never taken place. This, as before stated, was an issue in the case, which the jury was not permitted to pass upon. This error requires a reversal of the case.

*Reversed and remanded.*