## C. H. Dean Company v. M. Standifer.

Decided November 16, 1904.

**1.—Breach of Warranty—Special Purpose—Measures of Damages.**

Ordinarily the measure of damages for a breach of warranty is the difference between the actual value and the agreed value of the article, with interest; but where the parties at the time of the making of the contract had in contemplation some special end or purpose for which the article was warranted to be fit, and if the buyer, in endeavoring to apply the article to the purpose for which it was warranted as suitable, sustains naturally and proximatcly some loss incidental to such application, compensation for such loss may be included.

**2.—Same—Measure of Damages.**

A butcher who purchased a refrigerator, warranted to be delivered in good condition and not to leak, could recover the value of meat lost by a failure of the warranty, if the refrigerator in the condition as warranted would have preserved the meat, provided he did not know or by the exercise of ordinary prudence could not have known that meat placed in the refrigerator in the condition in which it was would probably spoil.

**3.—Suit for Purchase Price—Breach of Warranty—Burden of Proof.**

Where the only defense to a suit for the purchase price of an article is the breach of an express warranty, the burden of proving such warranty and breach is on defendant and the court should so charge.

**4.—Breach of Warranty—Part Payment of Purchase Price—Resale—Estoppel.**

The fact that a buyer paid part of the purchase price of an article after breach of the warranty as to the condition in which it should be delivered, or the fact that he sold it to another for an increased price, does not estop him to recover damages flowing from the breach.

**5.—Same—Measure of Damages.**

Where damages for the loss of meat, through a breach of warranty as to the condition in which a refrigerator should be delivered, are sought in reconvention to an action for the purchase price, the quantity of the meat lost should be shown to a reasonable certainty and also its market value at the time it was lost.

Appeal from the County Court of Karnes. Tried below before Hon. A. J. Parker.

*Keller & Keller,* for appellant.—1. Damages to be recovered for breach of contract must not be speculative, remote or uncertain, but those incidental to and caused by the breach. Dubuque W. & C. Ass'n. v. Dubuque, 30 Iowa, 16; King v. Watson, 2 W. & W., sec. 283, p. 213; Davis v. Fish, 1 Iowa, 406; 8 Enc. of Law, 607 (note 4 in 1st col.); Calvit v. McFadden, 13 Texas, 323; Fowler v. Shook, 59 S. W. Rep.,

282; Taul v. Shanklin, 1 W. & W., 644; Elmendorf v. Classen, 92 Texas, 474, 477; Clifford v. Leroux, 37 S. W. Rep., 172; Hope v. Alley, 9 Texas, 395; Smith v. City of San Antonio, 57 S. W. Rep., 882; Nat. G. L. & T. Co. v. Thomas, 67 S. W. Rep., 454.

2. If there was any warranty and a breach thereof the measure of damages is the difference between the value of the property as it actually was, and what would have been its value had it been as represented at the time the representations or warranty was made. Wright v. Davenport, 44 Texas, 167; Kempner v. Heidenheimer, 65 Texas, 587; Monroe v. South, 64 S. W. Rep., 1014; Young v. Filley, 19 Neb., 543; 24 Am. Enc. of Law (2d ed.), 1114.

3. The damages claimed in defendant's plea in reconvention are too remote to be recoverable of the plaintiff herein, because the same are not the natural and proximate result of the breach of the contract complained of. Waco Water Co. v. Sanford, 1 W. & W., 77, secs., 193-195; Calvit v. McFadden, 13 Texas, 323; Dubuque Ass'n v. City of Dubuque, 30 Iowa, 176; Prosser v. Jones, 41 Iowa, 674; Davis v. Fish, 1 Iowa, 406; Railway Co. v. Stovall, 3 Willson, p. 308, sec. 252; Railway Co. v. Douglas, 30 S. W. Rep., 487-488; Smith v. City of San Antonio, 57 S. W. Rep., 881-882; Greer v. Varnell, 65 S. W. Rep., 196.

4. The measure of damages is the difference between the contract price and the market price of the article at the time of the breach. Wright v. Davenport, 44 Texas, 167; Hayden v. Houston, 24 S. W. Rep., 804; Snyder v. Baker, 34 S. W. Rep., 982; Kempner v. Heidenheimer, 65 Texas, 587; Monroe v. South, 64 S. W. Rep., 1014; 24 Enc. of Law (2d ed.), 1114; Brown v. Rogers, 20 Neb., 547; Mechem on Sales, secs. 817, 1830.

*M. B. Little,* for appellee.

NEILL, ASSOCIATE JUSTICE.—Appellant sued appellee to recover $58, the balance of the purchase money alleged to be due for a refrigerator sold by the former to the latter. Appellee answered that he was a butcher and bought the refrigerator upon a special warranty that it would be delivered in good condition and that it would not leak, for the purpose of keeping his meat in good condition; that there was a breach of warranty in that the refrigerator was not delivered in good condition, but leaked and was wholly worthless; that he had paid $28 of the purchase price, and that he lost, by reason of its not being the kind warranted, $100 worth of meat which he had placed for keeping in the refrigerator. The amount of money paid and the value of the meat lost were plead in reconvention and judgment asked therefor.

By supplemental petition appellant excepted to the plea in reconvention; specially denied the contract of warranty—averring that if such contract was made it was by an agent who had no authority to make such contract; that appellee was estopped from recovering on the alleged breach of warranty, for the reason he had made payments after he knew of the defects, and had afterwards sold the refrigerator for more than he bought it for.

The exceptions were overruled, the case was tried before a jury and

the trial resulted in a judgment of $1 in favor of the appellee. As we shall reverse the judgment, we will say no more about the facts than is necessary to a consideration of the questions presented by the assignments of error.

There was testimony tending to prove (1) the warranty, (2) its breach, (3) the payment after discovery of the defects of a part of the purchase money, and (4) that appellee lost meat by reason of the refrigerator not being such as warranted. But the only evidence of the quantity lost, or its value, was the testimony admitted over appellant's objection, for which, as one reason, we are going to reverse the judgment.

It is contended by appellant that the court erred in not sustaining its exceptions to appellee's plea in reconvention, because the damages sought to be recovered thereby are too remote, speculative and uncertain to constitute a cause of action; that if there was a warranty and a breach thereof, the true measure of damages is the difference between the value of the property as it actually was and what would have been its value had it been as represented or warranted.

Ordinarily the measure of damages for a breach of warranty is the difference between the actual value and the agreed value of the article sold, with interest. Anderson v. Duffield, 8 Texas, 209. But where the parties at the time of making the contract had in contemplation some special end or purpose for which the article was warranted to be fit, and if the buyer, in endeavoring to apply the article to the purpose it was warranted as suitable, sustains naturally and proximately some loss incidental to such application, compensation for such loss may be included. Jones v. George, 61 Texas, 345; Beeman v. Banta, 118 N. Y., 538, 23 N. E. Rep., 887, 16 Am. St. Rep., 779; Tatro v. Brown, 118 Mich., 615, 77 N. W. Rep., 274; Stranahan Co. v. Coit, 55 Ohio St., 398, 45 N. E. Rep., 634; McCaa v. Elam Drug Co., 114 Ala., 74, 21 So. Rep., 479, 62 Am. St. Rep., 88.

For example, in Beeman v. Banta, supra, where the seller of a refrigerator warranted that it would keep meats until the time for spring market, and the buyer filled it with meat and the meat was lost through defects in the refrigerator, it was held that the measure of damages was not simply the cost of remedying the defect, but included the value of the meat lost, estimated at what it would have been had it kept until the spring market.

If, therefore, when appellant sold appellee the refrigerator he knew it was purchased by him as a butcher for the purpose of keeping his meat, or was charged with notice of such fact from the very nature of the sale, and the circumstances attending it, and warranted the refrigerator to be delivered in good condition and not to leak, and if, in the condition so warranted, meat in good condition placed in it would have kept—if the refrigerator was properly used, and the refrigerator was not such as warranted, and by reason thereof meat placed in it for keeping was spoiled and its value lost to appellee—then he would be entitled to recover the amount of such loss; provided, however, he did not know, or by the exercise of ordinary prudence and circumspection could not have known, that the condition of the refrigerator was such that meat placed in it would probably spoil.

In view of the principles stated, we do not think appellant's exceptions to the plea in reconvention can be sustained, and that the trial court did not err in overruling them; nor in that part of the charge complained of in the eleventh assignment of error.

Appellant requested the court to instruct the jury that the burden is on the defendant to prove his contract of warranty as alleged, and unless they should find there was a contract, such as alleged, from a preponderance of the evidence, to find for the plaintiff. The sale of the refrigerator was not disputed, and the only answer to the suit for the purchase money was the breach of an express warranty. As such a warranty ordinarily excludes an implied warranty (Case Threshing Mach. Co. v. Hall, 32 Texas Civ. App., 214, 73 S. W. Rep., 835), it follows that appellant was entitled to recover the part of the purchase money sued for, unless it was shown by a preponderance of evidence that the warranty alleged by appellee was made and breached by the plaintiff. The charge requested should have been given.

The appellant requested the court to instruct the jury that if they believed from the evidence defendant purchased the refrigerator from plaintiff and, after using it, sold the same to another upon the representation it was all right and in good condition, and received a valuable consideration therefor, that he would be estopped from denying plaintiff's demand by setting up a claim for damages. It also requested a charge to the effect that if there was a contract of warranty as alleged, and it was breached by plaintiff, and if, after such breach, defendant ratified the contract by paying any part of the purchase price, or in any other manner—by acts of silence, when he should speak out—then to find for plaintiff the amount sued for.

The refusal of either of these charges was correct.

The warranty, if there were one, was simply an agreement collateral to the sale by which the appellant vouched for the condition of the refrigerator. The sale could have been made without it, though there could have been no warranty without the sale. The mere fact that the buyer had not paid the purchase money or a part thereof, does not, in the absence of the stipulations to the contrary, prevent him suing to recover damages for a breach of warranty, for the warranty is merely collateral, and the buyer has its action for its breach, leaving the seller to his appropriate remedy, by action or counterclaim for the price. Fairbanks v. Basket (Mo.), 71 S. W. Rep., 117; Fitzpatrick v. Osborne, 50 Minn., 261, 52 N. W. Rep., 861, and authorities cited; Cash v. De Long (Ky.), 53 S. W. Rep., 1037. The fact that the buyer may have paid the price or part of it, or given his note for it, or the fact that when sued for the purchase money he did not plead the breach of warranty as a defense, as he might have done, does not debar him from recovering for the breach of warranty. Boorman v. Jenkins, 12 Wend., 566, 27 Am. Dec., 158; Elliott v. Puget Sound, etc., Co. (Wash.), 60 Pac. Rep., 410. Nor is notice of the defects or an offer to return the property to the seller a condition precedent to the buyer's right to maintain an action for the breach of warranty. Ash v. Beck, 68 S. W. Rep., 55. The cases, with few exceptions, hold that a breach of warranty may be maintained notwithstanding payment, extension of payment by

removal or otherwise, or part payment, unless an intention to waive the breach is proven. Fairbanks v. Baskett, supra, and authorities there cited. Moreover, the mere fact that the buyer has sold the goods to another, though he may have made a profit on them, does not preclude his recovery of damages flowing from a breach of the warranty of quality. Eagle Iron Works v. Des Moines, etc., Ry. Co. (Iowa), 70 N. W. Rep., 193; Andrews v. Schreiber, 93 Fed. Rep., 387; Western Twine Co. v. Wright (S. D.), 78 N. W. Rep., 942, 44 Law Rep. Ann., 438, In the case last cited it is held that a purchaser of merchandise which has been warranted, and proves worthless, may defeat a recovery for any amount, though he sold a part of the merchandise for cash, and the buyer made no claim against him on account of defects. While, as held in Ash v. Beck, supra, these matters may raise a strong presumption that the buyer's action on the warranty is not well founded, they are only evidence on a question of fact and are not presumptions of law. None of these matters can raise an estoppel against the buyer, unless it be shown it caused a detrimental change in the seller's position. We can not perceive how the fact that appellee paid appellant a part of the price, or the fact that he sold the refrigerator to another for an increased price, places appellant in a worse position than it was before. It had reserved no lien on the property and it still had its action against appellee for the purchase money. And the fact of the sale at an increased price might be taken and considered by the jury upon the question as to whether or not there was a breach of the warranty. At least it would be cogent evidence that the refrigerator was not worthless, as was claimed by the appellee.

Over objections of appellant the court permitted the defendant to testify: "I lost, I think I would be safe in saying, one hundred dollars' worth of meat, caused by leakage and water running down and spoiling the meat, although I never weighed but thirty-five pounds of spoiled meat." Emmet Carmichael, a witness for defendant, was also, over objections of appellant, allowed to testify: "I would be safe in saying that we lost one hundred dollars' worth of meat by the leakage while we were using it; we never weighed any spoiled meat but once, and that was thirty-five pounds, but I think we lost one hundred dollars' worth of meat."

The value of the meat lost must be reckoned at its value in the market at the time it was spoiled. Beeman v. Banta, supra. This testimony furnishes no evidence of the quantity of meat lost—unless it be the thirty-five pounds lost—nor of its market value. The quantity lost should have been proven to a reasonable certainty, and then its market value, so the jury could determine for themselves the damage occasioned by such loss. The testimony objected to hardly furnishes decent evidence for the basis of a guess as to the damages sustained by the alleged breach of warranty. The witness only thought *so and so;* and their "wish" to recover $100 damages may have been "the father to the thought." It takes legitimate evidence of facts, which must be found by a jury, to take money from one man's pocket and put it in another's.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*