TEXAS KALAMAZOO SILO CO. v. ALLEY.
(No. 1052.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 1, 1916. On Motion for Rehearing, Dec. 20, 1916. Rehearing Denied Feb. 7, 1917.)

1. SALES ⬅═442(1)—BREACH OF WARRANTY—VALUE OF SILO.
   In a suit for damages for breach of warranty of a hollow clay tile silo not to crack or bulge if erected on a suitable foundation, defendant having sold the material for the silo, which was constructed by plaintiff, the value of the silo could be predicated upon its cost, including the cost of material as well as of labor entering into its construction.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284, 1295; Dec. Dig. ⬅═442(1).]

2. JUDGMENT ⬅═251(1)—BREACH OF WARRANTY—CONFORMITY TO PLEADING.
   In an action for breach of warranty of a silo, plaintiff could recover its full value as erected had it not cracked, though the pleadings did not allege the amount of cash paid on the silo, which was an element as evidence entering into its value.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. ⬅═251(1).]

3. SALES ⬅═442(6, 7)—BREACH OF WARRANTY—VALUE OF SILO.
   In an action for breach of warranty of a silo that it would not crack or bulge if erected on a suitable foundation, plaintiff had the right to include the material and labor used by him in the erection of the silo as elements of its actual value, since, where parties at the time of making a contract have in contemplation some special end or purpose for which the article is warranted to be fit, if the buyer endeavoring to apply the article to the purpose for which it was warranted suitable sustains incidental loss, such loss is recoverable as special or consequential damages.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1290; Dec. Dig. ⬅═442(6, 7).]

4. CORPORATIONS ⬅═503(2) — VENUE OF ACTIONS—BREACH OF WARRANTY.
   Part of the cause of action for breach of warranty of a silo arose in the county where it was constructed and became defective, so that the company which sold the material for it could be sued therein under Rev. St. 1911, art. 1830, subd. 24, providing that suits against any private corporation may be commenced in any county in which the cause of action or a part arose.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1936; Dec. Dig. ⬅═503(2).]

5. JUDGMENT ⬅═251(1)—BREACH OF WARRANTY—PLEADING—DAMAGES.
   In an action for breach of warranty of a silo, where there was no pleading for the rental value of the silo for five months for which the jury found in the sum of $75, such item of the recovery was improper.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. ⬅═251(1).]

6. SALES ⬅═441(4)—BREACH OF WARRANTY—FINDING AS TO DAMAGES—SUFFICIENCY OF EVIDENCE.
   In an action for breach of warranty of a silo, evidence *held* insufficient to warrant the jury's finding $240 for damaged ensilage.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1281, 1282; Dec. Dig. ⬅═441(4).]

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Suit by Nick Alley against the Texas Kalamazoo Silo Company. From a judgment for plaintiff, defendant appeals. Judgment affirmed.

See, also, 180 S. W. 621.

H. C. Randolph and P. B. Randolph, both of Plainview, and Flournoy, Smith & Storer, of Ft. Worth, for appellant. Y. W. Holmes, of Plainview, for appellee.

HENDRICKS, J. The appellant, the Texas Kalamazoo Silo Company, sold the appellee, Alley, certain tiling, doors, steel hoops, steel door frames, gaskets, latches, etc., for the sum of $811.05, the same to be used by appellee in the construction of a silo on his farm in Hale county. According to the written contract of sale, Alley was to construct

the silo and furnish all the balance of the material at his own expense for its erection. The $811.05, the purchase price of the material mentioned, was agreed to be paid in three installments, one third cash, paid upon delivery of the material, and the balance to be evidenced by equal notes, to be executed upon the arrival of said material.

The cash payment was made and the notes executed in accordance with the contract. The contract of sale contained the following warranty:

"This is to certify that the Kalamazoo Silo Company of Ft. Worth, Tex., hereby guarantees their hollow clay tile silo to not crack or bulge, and to withstand all winds that does not destroy adjacent buildings, if erected on a suitable foundation, as instructed by this company. This guaranty is operative for five years from date of erection of silo."

The appellee's suit was one for damages for the value of the silo, $1,255.55, standing on plaintiff's farm, if the same had been as warranted (which amount included $444.50, the value of labor and material furnished by plaintiff), and for $345, damage to the ensilage in the silo on account of the cracking.

The trial court submitted special issues to the jury, and the latter found that the value of the silo, as it was erected, had it not cracked, was $1,255.55. It was also found that said silo at the time it did crack had no value. The jury found $75 for the use of the silo for five months and that the blocks and material in the silo for any purpose for which they might be used were of no value, additionally finding $240 for damaged ensilage in said silo, upon which amount the trial court rendered a judgment aggregating $1,556.06.

There is no complaint that plaintiff did not properly construct the silo on a suitable foundation, nor is there any objection to the findings of the jury that the silo or blocks and materials entering into its construction were of no value.

Following are the assignments of error in full, except the sixth assignment, raising a question of a plea of privilege:

First assignment of error: "The court erred in rendering judgment for the plaintiff in the sum of $1,556.06, on the verdict of the jury, because the verdict of the jury and the judgment of the court are without evidence to support them, in this: Plaintiff sued for $1,255.55, the alleged value of the silo if it had been as warranted by defendant, and for $345 damages to the contents. There is no evidence in the record that shows or tends to show the value of the silo if it had been as warranted by defendant, and there is no evidence of the amount of ensilage that was damaged on account of the silo cracking."

Second assignment of error: "Tenth. Because the court erred in rendering judgment in this cause for the sum of $1,556.06 against this defendant for the reason that the same is an excessive judgment."

Third assignment of error: "The court erred in rendering judgment for the plaintiff and against the defendant for the $75 found by the jury to be the rental value of the silo for five months, because plaintiff did not plead said item nor pray for the recovery thereof, nor was

he entitled to recover the same under any construction of the facts and pleadings."

Fourth assignment of error: "The verdict of the jury and the judgment of the court are contrary to the law and the evidence, in this: The plaintiff testifies for himself that he did not know how much rotten ensilage there was, and the evidence nowhere shows the amount of rotten ensilage; hence the recovery for damaged ensilage was unwarranted by the evidence."

Fifth assignment of error: "Eleventh. Because the court erred in rendering judgment in this cause for said sum of money against this defendant for the reason that the same is not warranted by the pleadings in this cause, the plaintiff recovering herein for the full value of the silo as it was erected had it not cracked, when the pleadings do not allege that any amount was ever paid cash for said silo, and the plaintiff recovers not only the amount of cash, which he does not allege he was out by payment thereof, but also includes material and labor used by plaintiff in the erection of the silo."

That portion of the first assignment of error (presented as fundamental error) claiming a lack of evidence tending to show the value of the silo, "if it had been as warranted by defendant," irrespective of the question whether the point could be presented as fundamental error, cannot be sustained. The only criticism we obtain from the brief is that:

"No witness testified on the issue of the value of the silo if it had been as plaintiff claims defendant represented it to be, or would be, when completed."

[1] The value of the silo in this character of case could certainly be predicated upon its cost, including the cost of the material, as well as of the labor entering into its construction.

It is hard to assume that a subject-matter of this kind could, of itself, have a market value. It was upon the land, constructed for use relative to the preservation of feed for live stock. Razed to the ground it would not be a silo, and its sale, including the foundation and the land, with the right of ingress and egress carrying with it its use, would rather be an anomaly.

We apply the same remarks to the fifth assignment of error, wherein it is complained that the plaintiff recovered the full value of the silo as it was erected, had it not cracked, "when the pleadings do not allege that any amount was ever paid cash for said silo, and the plaintiff recovers not only the amount of cash, which he does not allege he was out by payment thereof, but also includes material and labor used by plaintiff in the erection of the silo."

[2] Further, as to the last assignment mentioned, the pleadings would not have to allege the amount of cash paid on the silo; it would be an element as evidence entering into its value. However, we think it could be implied from the pleading that the cash payment was alleged to have been made.

"The price paid or agreed upon may have some tendency to show the value of the article as it should be if it were as warranted, and, in the absence of any showing to the contrary, it may be regarded as the value. Seigworth v. Leffel, 76 Pa. St. 476." Ash v. Beck, 68 S. W. 55.

[3] We also think appellee had the right to include the material and labor used by him in the erection of the silo as elements of its actual value. It is contended that all that the defendant did was to sell plaintiff certain material to be used in the construction of the silo and for which plaintiff agreed to pay defendant $811.05, and the recovery by plaintiff of a judgment for labor, hauling, material, etc., which under the contract he was to furnish, amounting to $444.50, "is not within the contemplation of the parties."

It is noted that the warranty is in effect that the silo would not crack or bulge if erected on a suitable foundation as instructed by the company. The plaintiff obligated himself to construct a silo and furnish all labor and material for that purpose. The company certainly knew what the plaintiff had to do, and, no complaint having been made whatever to the findings of the jury as to the destruction of the silo, it becoming valueless on account of the cracking of same, we think in law it could be considered as having been in contemplation of the parties at the time the contract was made what would have been the loss to the plaintiff if the warranty that it would neither crack nor bulge was not complied with.

It has always been the rule, where the parties at the time of making the contract had in contemplation some special end or purpose for which the article was warranted to be fit, if the buyer, in endeavoring to apply the article to the purpose it was warranted as suitable, sustains loss incidental to such application, such loss, as special or consequential damages, is recoverable. Though literally the language of the warranty did not say that the particular silo was warranted to fulfill the function of a silo after construction, however, there is no question, from this record, but what its adaptability for that purpose would have been complete if it had not cracked or bulged, against which the warranty was specially made. A consideration of the following authorities will, we think, sustain the particular damages pleaded and recovered in this case above mentioned. Ellis v. Tips, 16 Tex. Civ. App. 82, 86, 40 S. W. 524; Dean v. Standifer, 37 Tex. Civ. App. 181, 183, 83 S. W. 230; Jones v. George, 61 Tex. 345, 347, 48 Am. Rep. 280; Chatham & Co. v. Jones, 69 Tex. 744, 745, 7 S. W. 600; Alamo Mills Co. v. Hercules Iron Works, 1 Tex. Civ. App. 683, 22 S. W. 1097; Houtchins v. Williams Bros., 25 S. W. 730.

Appellant cites the case of Miller Stone Machinery Co. v. Balfour, 61 S. W. 974, as decisive of the question that the cost of the material and labor cannot be recovered. The court did say in that case that the cost of drayage and the cost of putting the machinery in place were not recoverable for the reason that the items "must have been incurred by the purchaser in any event." The real facts of that case, as compared to the record here, exhibit the reason of the application of the rule applied by that court, and why a different rule should be applied by this court. The trial court in that case gave judgment for a difference between the value of the machinery had the contract been complied with and the value of the machinery as actually delivered. It may have been improper to have added the cost of putting the machinery in place and the drayage. In this cause there is a total loss, and Alley lost his drayage and other expenses as well as his silo.

The pleadings in the case asked for a judgment for 10 per cent. interest on a part of the amount recovered. It was mentioned in the argument, but we find no complaint in the brief.

[4] The corporation claims a privilege to be sued in Tarrant county. It very probably waived the right if it were conceded that it existed. Aside from the procedure, for an elementary reason, the assignment cannot be sustained. Subdivision 24 of article 1830, Rev. St. 1911, prescribes that:

"Suits against any private corporation * * * may be commenced in any county in which the cause of action, or a part thereof, arose."

Viewing the action as one for damages upon the collateral contract of warranty, a part of the cause of action at least arose in Hale county, where the silo was constructed and became defective. Houston Rice Milling Co. v. Wilcox & Swinney, 45 Tex. Civ. App. 303, 100 S. W. 204; Kell Milling Co. v. Bank of Miami, 155 S. W. 326; Railway Co. v. Hill, 63 Tex. 383, 51 Am. Rep. 642; Mangum v. Lane City Rice Milling Co., 95 S. W. 605.

[5] The only proposition under the second and third assignments of error relative to the excessiveness of the judgment is that plaintiff did not allege the rental value of the silo nor pray for a judgment for the same. The third assignment is presented as a fundamental error. The second assignment, with the proposition, probably raises the question, aside from that of fundamental error, and we think the same should be sustained. There is no pleading for the rental value of the silo for the period of five months, for which the jury found the sum of $75.

[6] The fourth assignment of error, challenging the judgment of the court, based upon the finding of the jury of $240 for damaged ensilage, on the ground that the same is unwarranted by the evidence, we think should also be sustained. The testimony of Alley and his witness Saigling, as to the amount of ensilage spoiled, is quite indefinite and it is very hard to arrive at any amount by mathematical calculation. We are not informed if the silo had been constructed 45 feet high whether it would have held 530 tons before the water was poured upon the feed, or whether, after it had become wet and settled, it would have held this quantity. Probably the more serious objection is

that there is no criterion as to its value for this reason: The ensilage was valued at from $5 to $6 a ton, but as an element of this value, as applied to this particular ensilage, the use of a section and a half of grass, lots, and troughs, and water, for the purpose of feeding the cattle of a purchaser, was considered. Saigling said, in speaking of its market value:

"Some of it sold at $5 and some of it at $6 per ton, depending on the kind of feed that was in the silo, whether it was good or bad; and the facilities for feeding it have something to do with it to some extent."

Alley said:

"You can get out and sell ensilage sometimes and sometimes you can't, and if you sell ensilage it has got to be fed on your place, and it would depend largely on the location of the place whether he could sell it or not. * * * I had my ensilage at a place where cattle could be kept."

In another part of his testimony he said:

That the ensilage was worth $5 a ton, including the value of the grass. "Of course, the grass would be worth a little something, but I would not pay much for grass in the winter time when I was feeding, but the $5 would include the grass and the place for handling them and feeding them."

The value of the use of the facilities, as well as the grass, should be deducted from the figures mentioned, but there is no criterion afforded for that purpose. We infer from the record that this character of feed could not be sold to be used any great distance from the silo. Necessarily the facilities and the grass, with the water afforded, would be a considerable element entering into the value of the ensilage, notwithstanding the opinionative statement of Alley in regard to the value of the grass. We think the finding of the jury of $240 for spoiled ensilage has no basis in the record to sustain it.

The judgment of the trial court will be reversed and remanded on account of the $75 found as the rental value of the silo, and the $240, as stated. If within ten days a remittitur for these amounts is filed in this court, the judgment of the trial court will be in all things affirmed.

### On Motion for Rehearing.

In the motion for rehearing by appellee in this cause it is insisted that the $75, one of the items on account of which the cause was reversed, was in reality deducted by the trial court in the rendition of the judgment. On a more patient analysis of this matter we think this position is sustained.

The appellee's argument in its brief under the first, second, and third propositions to the second and third assignments of error gives the process, though rather complicated, in arriving at the amount of the judgment actually rendered by the court, and by that process, which we are now inclined to think is correct, the sum of $75 is excluded from,

instead of being added to, said judgment. However, as to the $240 found by the jury to be the value of the spoiled ensilage, for the reasons given in the original opinion, we still think the trial court committed error.

The motion is granted to the extent indicated, but is overruled on account of the error permitting the recovery for the $240, and the order of this court reversing and remanding the judgment of the lower court will stand, except as modified, with the condition that, if the appellee remits the said amount of $240 within ten days from this date, the cause will be affirmed.