## KOST FURNITURE CO. v. CAMP et ux.
### No. 2033.

Court of Civil Appeals of Texas. Beaumont.

Nov. 20, 1930.

Devereaux Henderson and Jas. A. Copeland, both of Houston, for appellant.

Drew S. Davis, of Houston, for appellees.

WALKER, J.

This suit originated in one of the justice courts of Harris county, and was by appellant against appellees, to recover the balance due on the purchase price of a radio and stove sold under a written contract, and to foreclose the chattel mortgage lien reserved to secure the payment of the sum sued for. The radio and stove were seized under writ of sequestration regularly sued out.

Appellees answered to the effect that the radio was wholly worthless, and prayed for rescission of the contract, and by cross-action for the recovery of the sum of $36 paid on the stove and $35 on the radio. There was no pleading that the contract was induced by fraud, accident, or mistake.

In justice court, judgment was in favor of appellees, from which appellant duly prosecuted its appeal to the county court at law of Harris county, where the case was tried to a jury, with the following verdict: First. The radio in question, when delivered to the defendant, and at all times thereafter when in his possession, wholly failed to properly perform and function. Second. The radio in question, when sold and delivered to the defendant by the plaintiff, and at all times while same was in defendant's possession, was wholly worthless as a radio receiving set. Third. The reasonable cash market value of the gas stove at the time it was repossessed by the plaintiff was $33. Fourth. Reasonable attorneys' fees amounted to $25. Judgment was entered on this verdict in favor of appellees, and appellant duly prosecuted its appeal to the Galveston Court of Civil Appeals. The case was transferred to the docket of this court by order of the Supreme Court.

We sustain appellant's proposition that the jury erred in finding that the radio was "wholly worthless" as a radio receiving set. Under the testimony of appellees, the radio functioned satisfactorily in receiving the local stations. Then the cabinet, the tubes, and the other equipment making up the radio had a substantial value. The statement just made sustains the same assignment and proposition against question 1.

Also the court erred in the form of question No. 2. Appellant sold appellees a "radio" and not "a radio receiving set." The "receiving set" not only included the radio itself, but the equipment necessary to make it "a receiving set," such as aerials, etc. This error in the charge was called to the court's attention by proper exceptions.

For the reasons stated, the judgment of the lower court is reversed, and the cause remanded for a new trial.

Reversed and remanded.