## SLEEPER v. STRATTON.

### No. 1953.

Court of Civil Appeals of Texas. Waco.

Nov. 10, 1938.

Rehearings Denied Jan. 5, 1939.

Sleeper, Boynton & Kendall, of Waco, for plaintiff in error.

Weatherby, Rogers & Scott, of Waco, for defendant in error.

GEORGE, Justice.

This is a suit upon a promissory note for balance due, interest, attorney's fees, costs of suit and foreclosure of lien on certificate evidencing 15.75 shares of Texas Textile Mills, Inc., stock, instituted by John Sleeper, plaintiff in error, against G. Stratton, defendant in error. The parties for convenience will be designated herein as in the trial court. And in bar thereof, defendant plead that plaintiff and defendant entered into a new contract on or about March 13, 1934, whereby plaintiff accepted in full satisfaction of said note as extended the shares of stock of Texas Textile Mills, Inc. The case was tried before the court and jury and judgment was rendered on the latter's answers to special issues in favor of defendant.

Plaintiff in his assignments of error Nos. 3 and 6, and points thereunder, presents the propositions that there were neither pleadings nor evidence to support an affirmative answer to special issue No. 1, reading as follows: "Do you find from a preponderance of the evidence, if any, that Mr. Stratton and Mr. Ben Sleeper agreed that if Mr. Stratton would pay the sum of $252.00 on said note, that Mr. Sleeper would take the stock in question in full satisfaction of the balance due on said note?" and that the jury's affirmative answer thereto is contrary to the great preponderance of the evidence. These assignments are sustained.

The material provisions of the pleading are: "The plaintiff and the defendant entered into a new contract on or about March 13, 1934, whereby the plaintiff accepted in full satisfaction of said note as extended the capital stock of * * *. That in connection with said full and final settlement made between plaintiff and defendant the defendant paid to plaintiff the sum of $252.00 in cash in addition to assigning to the plaintiff the said capital stock * * *."

Mr. Stratton testified on the trial of the case as follows: "I had received several letters from Mr. Ben Sleeper in the case of Mr. John Sleeper, wanting me to pay something on the note and I refused to pay anything. I told Mr. Ben Sleeper I did not consider I owed him any more on the note and wasn't going to pay. He called me several times. He called me one day and asked—either called me over the telephone or wrote me a letter, I don't remember exactly which—and told me he had instructions from Mr. John Sleeper to sue me if I did not pay the note. I told him I wasn't going to pay it; that I did not consider I owed him anything more on it.

He then said Mr. Sleeper agreed to carry the note if I paid him, I think he said $252.00—carry it like it is there, and I said, 'I won't pay it unless this is all that he will ask on the note; if he will accept that, I will pay it.' He says, 'I have no right to do that but I will take it up with Mr. Sleeper,' and I left him a check for that amount with that understanding and told him that he should look to the Cotton Mill stock for the note. * * * He took my check after that conversation. I never heard of Mr. John Sleeper coming around and repudiating the conversation in any shape or form. I presume Mr. Sleeper or Sleeper, Boynton & Kendall cashed the check for $252.00 * * *. You (meaning Mr. Ben Sleeper) did wait until March 13, 1934 to collect that interest ($252.00), that is the date it was paid" and by deposition that he, on March 13, 1934, signed a renewal agreement, promising to pay the principal balance of $1400 on or about January 22, 1935, and at that time he was aware of all the facts that he now sets up as a defense; that he, on March 13, 1934, paid the $252 on the interest to prevent a foreclosure at that time, as Mr. Ben Sleeper was threatening him that if he did not pay it, he was going to foreclose, and that the cotton mill stock was in doubt on March 13, 1934, and still is in doubt now so far as he knows, and that he did not know whether they had gotten any money on it or not, as it had not been in his possession since.

Mr. Ben Sleeper testified that on March 13, 1934, Mr. Stratton paid $252, the same being the interest due to January 22, 1934, and renewed the principal balance of $1400 to become due on January 22, 1935, by endorsement on the back of the note; that he mailed the check to Mr. John Sleeper and heard no more from him, and that the payment of $252 was not made with the understanding that if he accepted it, he was thereafter to look to the stock and not hold Mr. Stratton for another dime on the interest or principal of the note.

 The pleadings are that Mr. John Sleeper, on March 13, 1934, accepted the stock in full satisfaction of the amounts due on the note, and neither Mr. Stratton nor anyone else testified to anything that was said between him and Mr. Ben Sleeper from which it could be reasonably and fairly inferred that Mr. Stratton and Mr.

Ben Sleeper agreed that Mr. John Sleeper would take the stock in full satisfaction of the balance due on said note. The only agreement, if any, they reached, according to Mr. Stratton's testimony, was that Mr. Ben Sleeper would take up with Mr. John Sleeper Mr. Stratton's proposition that he did not consider that he owed anything more on the note but that he would pay the $252 demanded if same would be accepted in full settlement of the note, and that the check for $252 was left with Mr. Ben Sleeper with that understanding. He does not in any of his testimony claim that he ever proposed to Mr. Ben Sleeper that he would pay the $252 if Mr. John Sleeper would take the stock in full satisfaction of the balance due on said note, yet, such in effect is the finding of the jury. Thus, we have the pleadings presenting the issue of acceptance of the stock in full satisfaction of the note as extended, the testimony of Mr. Stratton tending to establish that the check was tendered in full payment of the note because he considered that he did not owe it and that same was accepted with that understanding, and the jury finding that neither of the above theories was correct, but that the facts were that Mr. Stratton and Mr. Ben Sleeper agreed that if Mr. Stratton would pay the sum of $252, that Mr. John Sleeper would take the stock in full satisfaction of the balance due on the note. The scope of the inquiry contained in the issue is restricted by the testimony and the issue must conform to both the pleadings and the evidence. Colbert v. Dallas Joint Stock Land Bank, 129 Tex. 235, 102 S.W.2d 1031; Security Mutual Casualty Co. v. Bolton, Tex.Civ.App., 84 S.W.2d 552; Armour & Co. v. Tomlin, Tex.Civ.App., 42 S.W.2d 634; Id., Tex. Com.App., 60 S.W.2d 204; Clark v. Tabers, Inc., Tex.Civ.App., 54 S.W.2d 262, par. 6; Kost Furniture Co. v. Camp, 32 S.W.2d 967; Gilmer v. Graham, Tex.Com.App., 52 S.W.2d 263; McAllister v. City of Frost, Tex.Civ.App., 62 S.W.2d 232; International Order of Twelve Knights & Daughters of Tabor v. Fridia, Tex.Civ.App., 91 S.W. 2d 404; Fred W. Wolf Co. v. Galbraith, 35 Tex.Civ.App. 505, 80 S.W. 648; Early-Foster Co. v. A. P. Moore's Sons, Tex. Civ.App., 230 S.W. 787

The judgment of the trial court is reversed and the cause is remanded for a new trial.