GARZA & COMPANY v. JESSE FRENCH PIANO & ORGAN COMPANY.

Decided March 12, 1910.

1.—Plea in Abatement—Pendency of Another Suit.

The mere fact that a suit is pending in another county to rescind a contract of purchase of certain personal property and to cancel the notes given for the same, is not sufficient cause for the abatement of a suit subsequently instituted for the collection of said notes. The doctrine of the common law that a suit pending between parties precludes them from maintaining between themselves another suit on the same cause of action in courts of the same jurisdiction, is not enforced in this State.

2.—Promissory Note—Attorney's Fee—Pleading and Proof.

Promissory notes sued upon provided for ten percent attorney's fee if placed in the hands of an attorney for collection; the petition alleged that

plaintiff had been compelled to place the notes in the hands of an attorney for collection and to institute suit to collect the same; the proof showed that the notes were placed in the hands of an attorney for collection under an agreement that plaintiff would pay ten percent on the amount as attorney's fee and that said sum was reasonable. Held, judgment was properly rendered for said attorney's fee.

Appeal from the County Court of Dallas County at Law, Dallas County, Texas. Tried below before Hon. W. M. Holland.

*Davis & Lipscomb,* for appellants.

*U. F. Short,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by appellee, Jesse French Piano & Organ Company, a corporation, against Garza & Company, a partnership, to recover on certain notes executed by appellants and to foreclose a lien on the property for which the notes were given. Appellee alleged that it had sold to appellants one certain automatic electric piano; that appellants had executed to it, in part payment therefor, notes aggregating the sum of $530, all dated and payable at Dallas, Texas, to the order of appellee, each of said notes providing for ten percent attorneys' fees if placed in the hands of an attorney for collection; that to secure the payment of said notes appellants executed and delivered to the appellee a certain chattel mortgage upon said electric piano; that all of said notes are due and unpaid, and that appellee has been "compelled to place the same in the hands of an attorney for collection and to institute this suit to collect the same." Plaintiff also alleged that said notes bore interest from date at the rate of eight percent per annum. Appellee prayed for judgment for the amount due on the notes, including principal, interest and attorney's fees, and for a foreclosure of the lien evidenced by the chattel mortgage referred to.

Garza & Company filed a plea in abatement, in substance that on the 22d day of June, 1907, they brought a suit in the County Court of Bexar County, Texas, to rescind the contract for the purchase of the piano for which the notes sued upon in this case were given in part payment, and to cancel said notes for the reasons stated in appellants' petition in that action. They sued out a writ of injunction to restrain appellee from any transfer of the notes pending said action, which was served upon the appellee on the 24th day of June, 1907. Afterwards, on the 20th day of August, 1907, appellee brought this action upon the notes and to foreclose the mortgage against the piano for which they were given in part payment and which were secured by a mortgage, as stated in appellee's petition. The record does not show what answer was filed by appellee to the action brought by the appellants against the appellee in the County Court of Bexar County. That cause was tried and a judgment rendered for the plaintiff, which was reversed on appeal. See Jesse French Piano & Organ Co. v. Garza & Co., 53 Texas Civ. App., 346 (116 S. W., 150). A reference to the opinion in that case shows that the answer filed by the defendant therein was a general demurrer and general denial. The record

in this case only shows the bringing of the suit to rescind the contract and cancel the notes executed by appellants to appellee. The plea in abatement sets up the pendency of the suit in the County Court of Bexar County and insists that this suit should be abated and dismissed. The trial court overruled the plea in abatement, and his action in so doing is assigned as error.

Appellant cites the case of Worden v. Pruter, 40 Texas Civ. App., 118 (88 S. W., 434), as supporting its contention that the court erred in overruling its plea. That was a suit by Pruter brought in the District Court of Liberty County to recover a debt against the Raywood Rice Company. The suit was filed on April 25, 1904, and a writ of attachment issued and was served on the same day at 11:30 o'clock a. m. At 11 o'clock a. m., the 25th of April, 1904, other creditors of the defendant corporation presented to Judge Dwyer of the District Court of Bexar County a petition for the appointment of a receiver for said corporation. After considering the petition the judge made an order directing the clerk to issue forthwith a notice to the defendants to appear on a day named and show cause why a receiver should not be appointed as prayed for. It was held that the act of the District Court of Bexar County in receiving and considering the petition for the appointment of a receiver was an assumption of jurisdiction over the subject matter of the suit, and the order thereafter made appointing a receiver related back to the time when the judge began the consideration of the petition, and precluded a subsequent attachment from operating as a lien thereon.

The facts in that case are not analogous to those in the instant case. There the District Court of Bexar County acquired jurisdiction of the property before the attachment issued. The question here presented is: Did the suit on the notes and to foreclose the lien abate by reason of the fact that the makers of the notes had a suit pending to rescind the contract under which they purchased the piano, and cancel the notes? In our opinion the pending of the suit in the County Court of Bexar County was not cause for abating this suit. The doctrine of the common law that a suit pending between parties precludes them from maintaining between themselves another suit on the same cause of action in courts of the same jurisdiction, is not enforced in Texas. Townes on Pl., p. 453. The trial court did not err in overruling appellants' plea in abatement. Simmang v. Braunagel, 27 S. W., 1032; Ellis v. Tipps, 16 Texas Civ. App., 82 (40 S. W., 524); Olschewske v. King, 43 Texas Civ. App., 474 (96 S. W., 665). No relief was asked, except that the suit be abated and dismissed. We hold that the court did not err in overruling the plea. Payne v. Benham, 16 Texas, 367.

There was no error in the action of the court in entering judgment for $61.83 attorneys' fees. The notes provided for the payment of ten percent on their amount as attorneys' fees, if placed in the hands of an attorney for collection. They were placed in the hands of an attorney for collection, and the proof shows that appellants had agreed to pay ten percent on the amount as attorneys' fees, and that this sum was reasonable. The judgment is affirmed.

*Affirmed.*