## LIBERTY MILLING CO. v. CONTINENTAL GIN CO.

(Court of Civil Appeals of Texas. Dec. 3, 1910. Rehearing Denied Dec. 24, 1910.)

ABATEMENT AND REVIVAL (§ 4*)—PENDENCY OF OTHER SUIT.

In an action to foreclose a chattel mortgage, a plea in abatement that a suit by defendant against plaintiff for cancellation of the notes secured and for damages for breach of the contract of sale of the property described in the mortgage was pending was properly overruled; the common-law doctrine as to effect of another action not prevailing in Texas.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 25–38; Dec. Dig. § 4.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by the Continental Gin Company against the Liberty Milling Company. Judgment for plaintiff, and defendant appeals. Affirmed.

---

Stevens & Pickett, for appellant. Coke, Miller & Coke, for appellee.

BOOKHOUT, J. The Continental Gin Company, as plaintiff, on January 18, 1909, filed its suit against the Liberty Milling Company, defendant, on two certain promissory notes, executed by the defendant, in plaintiff's favor, each in the sum of $954, with interest, and dated June 24, 1907, which notes were payable at Dallas, Tex., and were secured by chattel mortgage on the property, as set out in said plaintiff's petition. The plaintiff alleged that said debt was due and sought judgment therefor, with foreclosure of its chattel mortgage. Defendant answered by plea in abatement alleging that it, on the 6th day of January, 1909, filed, as plaintiff, against the Continental Gin Company, as defendant, its suit in the district court of Liberty county, Tex., seeking a cancellation of said notes and chattel mortgage, and also for damages for the alleged breach of the contract of sale to it by said Continental Gin Company of the personal property described in the mortgage. To said plea in abatement the Continental Gin Company filed a demurrer and general denial. The court having heard said plea and exceptions thereto, overruled the plea in abatement, and, the defendant having elected to stand on its plea, said cause was heard on its merits before the court, and resulted in a judgment for the plaintiff for its debt and foreclosure of its mortgage lien. Defendant excepted to the judgment, and prosecutes an appeal, and contends that the court erred in overruling its plea in abatement and in failing to dismiss the suit.

A similar question was before this court in the case of Garza Co. v. Jesse French Piano & Organ Co., 126 S. W. 906. We there held that "the doctrine of the common law that a suit pending between parties precludes them from maintaining between themselves another suit on the same cause of action in courts of the same jurisdiction is not enforced in Texas." That holding is supported by authorities cited in the opinion. In addition to the cases cited in the opinion, that holding is supported by the case of Mutual Life Ins. Co. v. Hargus, 99 S. W. 580.

There was no error in overruling appellant's plea in abatement, and the judgment is affirmed.