SPARKS v. NATIONAL BANK OF COMMERCE et al. (No. 7898.)

(Court of Civil Appeals of Texas. Ft. Worth. April 11, 1914. Rehearing Denied May 23, 1914.)

ABATEMENT AND REVIVAL (§ 4*)—ANOTHER ACTION PENDING.

A prior suit pending between the same parties, involving the same cause of action, when properly interposed by plea, will abate a subsequent suit.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 25–38; Dec. Dig. § 4.*]

Appeal from Johnson County Court; J. B. Haynes, Judge.

Action by the National Bank of Commerce against W. T. Sparks and others. Judgment

for plaintiff, and defendant Sparks appeals. Reversed and dismissed.

Love & Hill, of Uvalde, for appellant. Spence, Knight, Baker & Harris and Geo. S. Wright, all of Dallas, and Walker &˙ Baker, of Cleburne, for appellee.

SPEER, J. This case was filed May 19, 1913, by the National Bank of Commerce against H. B. Cox, L. F. Hall, and W. T. Sparks in the county court of Johnson county to recover on a promissory note for the sum of $511.43, dated July 1, 1911, due January 1, 1913. The note was executed by L. F. Hall and W. T. Sparks, was payable to the order of H. B. Cox, and was one of a series of four notes of the same date, for the same amount, signed by the same party, and due, respectively, in 6, 12, 18, and 24 months after date. The note was payable at Crystal City, in Zavalla county, in which county W. T. Sparks resided. Citation was issued May 3, 1913, served June 6, and was returned and filed in the county court of Johnson county July 8, 1913. On April 25, 1913, W. T. Sparks filed suit in the district court of Zavalla county against L. F. Hall, alleging that he was a surety for said Hall on all of the said notes, that as such surety he had paid the first note of the series, and that he had theretofore given notice to the National Bank of Commerce of his suretyship, requesting it to sue, as required by statute, but that it had refused to do so, and that Hall and Cox (the payee) had refused to pay said notes, and in such suit asked for equitable relief against Hall, and that he be relieved of all liability as surety as against the National Bank of Commerce, which was made a party to that suit. Citation was issued in the Zavalla county suit and was served on the National Bank of Commerce April 28, 1913. In answer to the bank's suit in Johnson county, Sparks pleaded in abatement the pendency of the Zavalla county suit and his privilege under the statute to be sued in that county. These pleas were heard by the court and overruled. Sparks then answered, and judgment was rendered against all of the defendants, and Sparks has appealed.

We will notice only one question, which, under the view we take of the case, is decisive of the appeal, and that is the court's action in overruling the plea in abatement based upon the pendency of the Zavalla county suit. The facts appear to be undisputed, and the bare question of law is presented whether or not a prior suit pending between the same parties, involving the same cause of action, when properly interposed by plea, will abate a subsequent suit. There appears to be some confusion in the authorities upon this question. The cases of Garza v. Piano Co., 126 S. W. 906, and Liberty Milling Co. v. Continental Gin Co., 132 S. W. 856, appear to support the contention of appellee that the doctrine of the common law that a suit pending between parties precludes them from maintaining between themselves another suit on the same cause of action is not the law in Texas. But those authorities are disapproved in the later case of Goggan & Bros. v. Morrison, 163 S. W. 119, and to our minds a return is made to the better rule that such prior suit will abate a subsequent suit. Not only does this rule avoid the evil of a multiplicity of suits between the parties, which the law abhors, but it likewise avoids the possibility of conflicting judgments, thus producing interminable confusion and controversy. Following the latter authority upon the subject, and what we believe to be the better rule, we hold the trial court erred in overruling the plea in abatement; and, since the facts are undisputed, we reverse the judgment, and here render judgment for appellant, dismissing appellee's cause of action.

Reversed and dismissed.