CAMP v. FIRST NAT. BANK OF ALPINE et al.   (No. 537.)

(Court of Civil Appeals of Texas. El Paso. March 9, 1916.   Rehearing Denied May 31, 1917.)

1. ABATEMENT AND REVIVAL ☞8(2)—ANOTHER ACTION PENDING.

A prior suit pending between the same parties involving the same cause of action, when interposed by a plea in abatement in proper form, will abate the subsequent suit, where the facts are undisputed.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 40, 42, 50, 52, 55, 56, 60–62, 68–72.]

2. ABATEMENT AND REVIVAL ☞9—ANOTHER ACTION PENDING—IDENTITY OF PARTIES.

Under Rev. St. 1911, art. 1812, providing that all civil suits in a district or county court shall be commenced by petition and filed in the office of the clerk of such court, persons are made parties to a suit by another filing a petition which states a cause of action with a bona fide intention that citation shall issue and be served; and hence the contention that the parties to two suits are not the same because two parties had not been served in one of the suits is without merit.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 73–85.]

3. ABATEMENT AND REVIVAL ☞8(4)—ANOTHER ACTION PENDING — IDENTITY OF CAUSES AND ISSUES.

A prior pending suit to enjoin further transfer of a note in the hands of a bank and for cancellation of such note will abate an action by the bank upon the note, since, although the bank in the injunction suit cannot be required to ask for affirmative relief, it was entitled to

such relief in the injunction suit if the court should decree that the note be not canceled.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 50, 52, 54–56, 61.]

Appeal from District Court, Presidio County; W. C. Douglas, Judge.

Suit by the First National Bank of Alpine and others against H. D. Camp. Judgment for plaintiffs, and defendant appeals. Reversed and dismissed.

Ware & Norcop and C. M. Wilchar, all of El Paso, and Belcher & Sutton, of Marfa, for appellant. Lea, McGrady & Thomason and J. C. Brooke, all of El Paso, for appellees.

HARPER, C. J. This suit was filed in district court of Presidio county by First National Bank of Alpine against H. D. Camp, D. W. Gourley, J. D. Jackson, and S. D. Harmon, on June 21, 1915, to recover on a promissory note for the sum of $5,000, dated November 30, 1914. The note was executed by defendant Camp to defendant Gourley, due six months after date, payable at Marfa, Presidio county, Tex., in which county defendant Gourley resided. On May 29, 1915, H. D. Camp, J. D. McDaniels, and John M. Wyatt filed suit in El Paso county, Tex., against D. W. Gourley, the First National Bank of Alpine, Tex., J. H. Pruett, J. A. Gillett, the First National Bank of Marfa, Tex., J. D. Jackson, and Sam Harmon, alleging that the plaintiffs had executed and delivered to defendant Gourley a note, H. D. Camp for $5,000, and McDaniels a note for $3,000, indorsed by Camp and Wyatt, in payment for the purchase price of certain milch cows, which said cows were represented by Gourley and Jackson and Harmon to be clean and free from disease, etc.; that, upon inspection after the purchase, the cows were found to be afflicted with tuberculosis, etc.; that the defendant bank, at the time of acquiring the note for $5,000, was aware of the fraud practiced and the defense that the plaintiffs had to the said note, and prayed for injunction against further transfer of the note and for cancellation. Citation was issued to all parties defendant and all served except Jackson and Harmon. In his answer to the bank's suit in Presidio county, Camp pleaded in abatement the pendency of the suit in El Paso county. This plea was heard by the court and overruled. Camp then answered, and judgment was rendered against all of the defendants, and Camp appealed. The act of the trial court in overruling the plea in abatement is assigned as error.

[1] The plea in abatement, setting up the fact of prior suit pending between the same parties, involving the same cause of action, is in proper form, and the facts are undisputed. Therefore, following the case of Sparks v. National Bank of Commerce, 168 S. W. 48, we hold that the trial court erred in overruling the plea in abatement.

For counter propositions, appellee urges that, because Jackson and Harmon had not been served in the El Paso county suit when judgment was taken in the instant case, therefore the parties to the two suits are not the same. Persons are made parties to a suit by another filing a petition which states a cause of action, with the bona fide intention that citation shall issue and be served. Article 1812, Revised Civil Statutes 1911; Blagge v. Shaw, 41 S. W. 756; Ricker, Lee & Co. v. Shoemaker, 81 Tex. 25, 16 S. W. 645.

[2] Citation was served on appellee bank in the El Paso county suit prior to the institution of the Presidio county suit; so it had due notice of the pending suit. But appellee urges further that because the bank, plaintiff in the instant suit, could not be required to seek judgment through affirmative relief in the El Paso county suit, all of the rights of the parties could not be determined in that suit; that all the bank, at most, can be required to do in relation to the El Paso county suit, is to defend itself against the attacks on the note; and that, if the note be not canceled, then it can prosecute its suit in the district court of Presidio county.

[3] The principle involved in this plea in abatement is that this suit cannot be maintained while there is a prior pending suit about the same subject-matter between the same parties in a court of competent jurisdiction. If the judgment in this suit should be sustained, and then upon trial of the suit in the El Paso county court the note sued upon be ordered canceled, we would have one court holding the demand collectable and the other enjoining its collection. Which process would the sheriff of El Paso county enforce? There can be no doubt about the correctness of the rule of law invoked by the plea in abatement. M. & V. L. Co. v. Williamson, 164 S. W. 440. It is true the bank cannot be required to ask for affirmative relief —judgment for the amount of its note— in the El Paso county suit, and that, if the El Paso county court should decree that the note be not canceled in the hands of the bank and go no further, then the bank could prosecute a new suit in the Presidio county court to recover upon the note; but it is not likely that any such course will be pursued by it when by its pleading the same relief can be had in the El Paso county suit.

This question being decisive of the appeal, it becomes unnecessary to pass upon the other assignments.

The facts being undisputed, we reverse the judgment, and here render judgment for appellant, sustaining his plea in abatement and dismissing appellee's suit without prejudice.

Reversed and dismissed.