## LONG v. LONG.   (No. 9492.)

(Court of Civil Appeals of Texas. Dallas. Jan. 24, 1925. Rehearing Denied Feb. 21, 1925.)

**1. Divorce ⟜82—Court held without jurisdiction of suit for divorce while similar suit pending unterminated in another county.**

Court was without jurisdiction of suit for divorce begun while similar suit between same parties was pending in another county and involving same subject-matter on filing of plea in abatement until termination of pending suit.

**2. Abatement and revival ⟜4—Suit begun in another court while suit involving same subject-matter is pending should be abated.**

When a suit has been commenced in one court, and thereafter a suit is instituted in another court of equal jurisdiction involving same subject-matter, latter court should sustain a plea in abatement when timely and properly presented for consideration.

**3. Abatement and revival ⟜9—Suit should be abated where parties are same whether plaintiff is same in both suits.**

Suit begun while another suit is pending in which parties and subject-matter are the same should be abated whether plaintiff is same person in both suits or not.

**4. Abatement and revival ⟜4—Plea in abatement challenges right of court to exercise an admitted jurisdiction.**

Plea in abatement to suit begun while a similar suit is pending challenges right of court to exercise an admitted jurisdiction.

**5. Divorce ⟜101 — Plaintiff may assert her cause of action by cross-bill on sustaining of plea in abatement.**

On sustaining of plea in abatement because of another suit pending involving same parties and subject-matter, plaintiff may assert her cause of action by cross-bill in suit that is pending, in view of district and county courts rules 6 and 7.

**6. Action ☞69—Plea in abatement because another suit pending does not require plaintiff to abandon suit.**

On sustaining of a plea in abatement because of another suit pending, plaintiff is not required to abandon suit, since court in its discretion may suspend proceedings until termination of pending suit, and when cause of abatement is removed suit may be revived if anything is left to litigate.

**7. Divorce ☞82—Suit commenced by filing of petition notwithstanding quashing of defective citation.**

In view of Rev. St. art. 1812, suit for divorce is commenced, as respects priority of pending suit, by filing petition with bona fide intention to obtain service and to prosecute suit, and that defendant moves to quash defective citation, and such motion is sustained, does not constitute an appearance by defendant at that time rather than as of date of filing of suit.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by Maude Long against Henry L. Long. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

A. C. Hatchell, of Dallas, and Williams & Martin, of Plainview, for appellant.

Henry Wilson, Carden, Starling, Carden, Hemphill & Taylor, and Geo. O. Wallace, all of Dallas, for appellee.

LOONEY, J. Appellant brings up for review the judgment of the trial court granting an interlocutory injunction. The following statement presents the case:

On October 2, 1924, Henry L. Long, appellant, filed suit in the district court of Briscoe county, Tex., against his wife, Maude Long, for divorce and for the custody of their four minor children. The grounds alleged for divorce were cruel treatment and adultery. Citation was promptly issued and served, the defendant therein appeared by attorney, filed a motion to quash the citation, which was sustained, and the case went over by operation of law to the succeeding term of court, which convenes in April, 1925. Afterwards, on November 4, 1924, Maude Long, appellee, filed this suit in the district court of Dallas county, Tex., against Henry L. Long, appellant, for divorce, on the ground of cruel treatment, in which she sought the custody of their four minor children, alimony, and an injunction, the nature of which will appear hereafter.

The court issued an order requiring appellant to appear on November 22, 1924, and show cause why he should not be ordered to pay alimony and be enjoined in the respects urged by appellee. On November 22, 1924, appellant, in response to the notice and citation, appeared and filed answer to the application for injunction; also a general answer to the suit.

Among other defenses appellant urged a plea in abatement, based on the pendency of the prior suit filed by him against appellee in the district court of Briscoe county for divorce and for the custody of their children. In view of our disposition of the case, it is not deemed necessary to make any further statement in regard to the pleadings.

On hearing, the court overruled appellant's plea in abatement, ordered him to pay appellee $35 per month alimony on the 1st of each month during the pendency of the suit, and to pay in court on the 1st day of December, 1924, for the benefit of the attorneys of appellee, the sum of $250, and then the order proceeds as follows:

"Upon further consideration thereof, it is ordered, adjudged, and decreed by the court that during the pendency of this suit, until otherwise ordered by the court, the care, custody, and control of the plaintiff's children named in the petition, to wit, Juanita, Darwin, J. S., and Beryl Long, be, and the same is hereby awarded to plaintiff, Maude Long, and the defendant is hereby enjoined and restrained from in any way, by legal proceedings or otherwise, interfering with such care, custody, and control during such pendency, except by proper proceedings herein.

"Upon further consideration thereof it is by the court ordered, adjudged, and decreed that the defendant, Henry L. Long be, and he is hereby enjoined and restrained during the pendency of this suit from in any manner interfering, by legal proceedings or otherwise, with the plaintiff's prosecution of this suit, except by proper proceedings herein. * * * It is further ordered, adjudged, and decreed that the plea in abatement interposed by defendant in said original answer be and the same is hereby overruled."

[1] The contention of appellant, in substance, is that the court below erred in overruling his plea in abatement and in granting the injunction for the reason that the court was without right or authority to exercise jurisdiction over the subject-matter of the litigation or over the parties with respect thereto until the termination of the prior suit involving the same subject-matter between the parties pending in the district court of Briscoe county.

Appellee meets this contention with the following propositions: (1) That the two suits, that is to say, the one pending in the district court of Briscoe county in which appellant is plaintiff and appellee is defendant, and the present suit pending in the district court of Dallas county, in which appellee is plaintiff and appellant is defendant, may pend at the same time, although between the same parties and involving the same subject-matter; (2) that the pendency of the prior suit in the district court of Briscoe

county cannot be pleaded in abatement of the second suit filed by appellee in the district court of Dallas county.

We are of the opinion that the contention of appellant must be sustained and that of appellee overruled.

The injunction is ancillary to the main suit, and was unauthorized, in view of the pendency of the prior suit. The court should not have exercised jurisdiction over the parties or subject-matter of the litigation. after the matter in abatement was brought to its attention by proper plea and proof.

The decisions of the courts of this state are in confusion on the subject of abatement. Some have held that the doctrine of the common law that a suit pending between parties precludes them from maintaining between themselves another suit involving the same cause of action in courts of equal jurisdiction is not enforced in Texas.

. The following cases, either directly or inferentially, sustain this view: Payne v. Benham, 16 Tex. 367; Simmang v. Braunagel (Tex. Civ. App.) 27 S. W. 1032; Ellis v. Tips, 16 Tex. Civ. App. 82, 40 S. W. 524; Mutual Life Ins. Co. v. Hargus (Tex. Civ. App.) 99 S. W. 580; Garza v French Piano Co., 59 Tex. Civ. App. 590, 126 S. W. 906; Liberty Milling Co. v. Continental Gin Co. (Tex. Civ. App.) 132 S. W. 856; Hartzog v. Seeger Coal Co. (Tex. Civ. App.) 163 S. W. 1056 (1060); Wilkerson v. Fort Worth & D. C. Ry. (Tex. Civ. App.) 171 S. W. 1041.

The weight of authority, however, and the better view, we think, is in harmony with the common-law doctrine.

[2] It ought to be manifest that, in order to maintain an orderly procedure, and the spirit of comity that should at all times exist between tribunals of equal jurisdiction, when a suit has been commenced in one court, and thereafter one of the litigants institutes a suit against his adversary in another court of equal jurisdiction involving the same subject-matter, the latter should sustain a plea in abatement when timely and properly presented for consideration.

The following cases are directly in point sustaining this view: Goggan v. Morrison (Tex. Civ. App.) 163 S. W. 120; Miller & Vidor Lbr. Co. v. Williamson (Tex. Civ. App.) 164 S. W. 440; Sparks v. National Bank of Commerce (Tex. Civ. App.) 168 S. W. 48; Camp v. First National Bank (Tex. Civ. App.) 195 S. W. 217; Phillips v. Phillips (Tex. Civ. App.) 223 S. W. 243; Ward v. Scarborough (Tex. Civ. App.) 223 S. W. 1107. The following, inferentially but substantially, sustain the common-law rule: Stone v. Byars, 32 Tex. Civ. App. 154, 73 S. W. 1086; Trawick v. Martin, 74 Tex. 522, 12 S. W. 216; Cattlemen's Trust Co. v. Blasingame (Tex. Civ. App.) 184 S. W. 574; Drake v. Brander, 8 Tex. 351; Burdett v. State, 9 Tex. 43; York v. Gregg, 9 Tex. 91; Oldham v. Erhart, 18 Tex. 147; Cook v. Burnley, 45 Tex. 111;

Arthur v. Batte, 42 Tex. 159; Allen v. Read, 66 Tex. 18, 17 S. W. 115; Bonner v. Hearne, 75 Tex. 248, 12 S. W. 38; McNeil v. Masterson, 79 Tex. 672, 15 S. W. 673; Texas Trunk Ry. v. Lewis, 81 Tex. 1, 16 S. W. 647, 26 Am. St. Rep. 776; Blume v. Case Threshing Mach. Co. (Tex. Civ. App.) 225 S. W. 831; Priddy v. Business Men's Oil Co. (Tex. Civ. App.) 241 S. W. 770.

The reason for the rule was well stated by Judge Speer in Sparks v. National Bank (Tex. Civ. App.) 168 S. W. 49, as follows:

"There appears to be some confusion in the authorities upon this question. The cases of Garza v. Piano Co., 126 S. W. 906, and Liberty Milling Co. v. Continental Gin Co., 132 S. W. 856, appear to support the contention of appellee that the doctrine of the common law that a suit pending between parties precludes them from maintaining between themselves another suit on the same cause of action is not the law in Texas. But those authorities are disapproved in the later case of Goggan & Bros. v. Morrison, 163 S. W. 119, and to our minds a return is made to the better rule that such prior suit will abate a subsequent suit. Not only does this rule avoid the evil of a multiplicity of suits between the parties, which the law abhors, but it likewise avoids the possibility of conflicting judgments, thus producing interminable confusion and controversy."

[3] The decisions of our courts are also conflicting on another point, that is, it has been held that a plea in abatement, based on the prior pendency of another action between the same parties involving the same subject-matter, applies only where the plaintiff in both cases is the same person, and does not apply when the plaintiff in one is defendant in the other or vice versa. Langham v. Thomason, 5 Tex. 127; McCoy v. Bankers' Trust Co. (Tex. Civ. App.) 200 S. W. 1138. In our opinion the distinction is without reason or difference in principle. If a plea in abatement is admissible in the instance first named, it is in order to avoid a multiplicity of suits and prevent vexatious litigation, conflicting judgments, confusion, and unseemly controversy between litigants and courts. Any or all this may occur in a suit where the plaintiff in one is defendant in the other, or vice versa. We are of the opinion that, in cases where the parties and the matter in controversy are the same, whether the plaintiff is the same person in both suits or plaintiff in one and defendant in the other, or vice versa, a plea in abatement should be entertained. This view is sustained by the following decisions: Goggan v. Morrison (Tex. Civ. App.) 163 S. W. 120; Miller & Vidor Lbr. Co. v. Williamson (Tex. Civ. App.) 164 S. W. 440; Sparks v. National Bank (Tex. Civ. App.) 168 S. W. 48; Camp v. First National Bank (Tex. Civ. App.) 195 S. W. 217.

Appellee, in support of the proposition that the two suits may be pending at the same

time, and that the filing of the one does not prevent jurisdiction from attaching on the filing of the second, cites: Lingwiler v. Lingwiler (Tex. Civ. App.) 204 S. W. 785; Phillips v. Phillips (Tex. Civ. App.) 223 S. W. 243.

This proposition is correct, and is sustained by the cases cited, but is entirely aside from the question of abatement under consideration.

[4] The right to abate the second suit is based on the idea that both courts are of equal jurisdiction, and not on the idea that the court in which the second suit is filed is without jurisdiction over either the parties or subject-matter; the plea simply challenges the right of the court under the circumstances to exercise an admitted jurisdiction. This idea is made prominent by Judge Key in Phillips v. Phillips, supra, and is also clearly implied in the opinion of Judge Talbot in Lingwiler v. Lingwiler, supra.

[5, 6] To sustain appellant's plea in abatement does not mean that appellee is forced to assert her cause of action by cross-bill in the district court of Briscoe county. She may do this if she chooses. Charlton v. Charlton (Tex. Civ. App.) 141 S. W. 290; Rules 6 and 7 for district and county courts. Neither does it mean that she must abandon her suit, for it is clearly within the discretion of the trial court, as a court of equity, instead of dismissing the suit to suspend proceedings therein until the termination of the suit having priority, and, when the cause of abatement is removed, the suit may be revived if anything is left to litigate. 1 C. J. 27, § 2.

The case of Priddy v. Business Men's Oil Company, cited by appellee, is not, in our judgment, in point. The opinions of the Courts of Civil Appeals, 241 S. W. 770, and that of the Commission of Appeals, 250 S. W. 156, show that the plea in abatement in that case was properly overruled for the reason that the parties were not the same in the two suits.

[7] Appellee contends, further that the plea in abatement was properly overruled, because her suit is entitled to priority over the suit of appellant pending in the district court of Briscoe county. This contention is based on the idea that it is not the mere filing of the suit, but the perfecting of service on defendant that gives judicial priority, and that her motion in the district court of Briscoe county to quash the defective citation, sustained by the court, operated as an appearance on her part at the next term of court and not as of the date that the suit was filed.

We cannot assent to the correctness of this contention. A suit is commenced when a petition is filed with the bona fide intention on the part of the plaintiff to obtain service

and to prosecute the suit. Article 1812, Revised Statutes; Ricker Lee & Co. v. Schumaker, 81 Tex. 22, 16 S. W. 645; Camp v. First National Bank (Tex. Civ. App.) 195 S. W. 217.

The case will be reversed and rendered for appellant, dissolving the injunction. It does not follow, however, that the main case must of necessity be dismissed. The trial court which administers both law and equity may, in the exercise of judicial discretion, permit the case to remain suspended on the docket until the removal of the cause of abatement; that is, until the termination of the prior suit pending in Briscoe county.

Reversed and rendered.