## BENSON v. FULMORE.  (No. 611–4102.)

(Commission of Appeals of Texas, Section A. Feb. 18, 1925.)

1. **Pleading ☞111—Defendant entitled to have plea of privilege passed on before court takes other action.**

Defendant who prefers to have cause tried in county of his residence is entitled to have his plea of privilege passed on before court takes other action.

2. **Venue ☞21—Object of plea of privilege statute stated.**

Object of plea of privilege statute is to give defendant right to have every phase of case tried in county of his residence including plea in abatement.

3. **Abatement and revival ☞82—Plea in abatement not waived because not filed before plea of privilege.**

Plea in abatement of suit pending in another county was not waived because not filed at or before time of plea of privilege; defendant being entitled to have his plea of privilege determined before any other plea.

4. **Abatement and revival ☞8(1) — Plea in abatement of suit pending in another county held properly sustained.**

Plea in abatement of suit pending in another county involving same parties and subject-matter was properly sustained, where issues raised in both suits were the same.

5. **Abatement and revival ☞9—Plaintiff held entitled to have defendant's assumption of vendor's lien tried in county where suit was brought.**

In suit to foreclose a vendor's lien which defendant assumed on an exchange of property, and in which defendant filed a suit in another county for damages for fraud in such exchange, that defendant asked for damages, and made a party defendant in suit for fraud, before it was done in suit pending against him, did not deprive plaintiff of right to have suit on defendant's assumption of vendor's lien tried in county where suit was brought.

6. **Abatement and revival ☞8(8)—Defenses to defendant's liability on assumption of vendor's lien required to be made in court where recovery against him was sought.**

In suit to foreclose a vendor's lien which defendant assumed on an exchange of property, and in which defendant filed a suit in another county for damages for fraud in such exchange, defendant could plead as many defenses to his liability on assumption as he saw proper, but such defenses were required to be made in court where recovery against him was sought.

7. **Abatement and revival ☞8(8)—Venue of suit to foreclose vendor's lien not changed by defendant's pleas in suit in another county.**

In suit to foreclose a vendor's lien which defendant assumed on an exchange of property, and in which defendant filed a suit in another county for damages for fraud in such exchange, defendant could not avoid trial on main issue in county where plaintiff's suit was

brought by pleading incidental matters in his suit for fraud and later pleading a real defense in that suit by amendment.

Error to Court of Civil Appeals of the Third Supreme Judicial District.

Suit by S. R. Fulmore against W. D. Benson and another. Judgment for the named defendant in district court was reversed by the Court of Civil Appeals (257 S. W. 697), and the named defendant brings error. Judgment of Court of Civil Appeals reversed, and that of district court affirmed.

B. J. Dean, of Breckenridge, and G. B. Smedley, of Wichita Falls, for plaintiff in error.

Cofer & Cofer, of Austin, for defendant in error.

CHAPMAN, J. S. R. Fulmore of Travis county and S. F. Tubbs of Dallas county made an exchange of lands whereby Fulmore conveyed for the benefit of Tubbs lands in Travis county and Reagan county and Tubbs conveyed to Fulmore certain lots in the town of Lubbock, Lubbock county. Fulmore assumed the payment of certain outstanding vendor's lien notes against the Lubbock lots. These notes were owned by W. D. Benson of Stephens county. On November 22, 1921, Benson brought suit in the district court of Lubbock county against Fulmore on his assumption and for a foreclosure of his vendor's lien, and made R. L. Rather and H. C. Tubbs parties to the suit, alleging that they were claiming some interest in the land. December 12, 1921, Fulmore filed his original answer in the Lubbock county case, pleading general demurrer and general denial. February 15, 1922, Benson filed an amended petition in the Lubbock county case, making S. F. Tubbs a party to that suit. January 30, 1922, Fulmore filed his first amended original answer in the Lubbock county case, alleging that he should not be held on the assumption because his assumption was obtained through the fraud of S. F. Tubbs and filed his cross-action against Benson for a rescission of the assumption and for damages in the sum of $2,500. March 7, 1922, S. F. Tubbs filed waiver of citation in the Lubbock county case. December 10, 1921, Fulmore filed suit in the district court of Travis county against Benson and S. F. Tubbs, alleging fraud on the part of both of them in the exchange of lands made between Fulmore and Tubbs, and that Tubbs had parted with the title to the land that Fulmore conveyed to him, and asked for damages in the sum of $2,500. February 6, 1922, Fulmore filed his amended petition in the Travis county case, asking for a cancellation of his assumption of the payment of the Benson notes and for damages and for general relief. January 2, 1922, Benson filed his plea of privilege in the

Travis county case, which plea was duly controverted by Fulmore, and was overruled March 4, 1922. March 4, 1922, after his plea of privilege had been overruled, Benson filed in the Travis county case his plea of the pendency of the Lubbock county case, which plea was later amended by adding all the pleadings in the Lubbock county case, and this plea in abatement was sustained April 29, 1922, and this action of the trial court was reversed by the Court of Civil Appeals, 257 S. W. 697. While this case was pending in the Court of Civil Appeals, Fulmore presented to that court an application for writ of injunction or prohibition against Benson and S. F. Tubbs and the judge of the district court of Lubbock county for the purpose of preventing a trial or other procedure in the case pending in Lubbock county until said court disposed of Fulmore's appeal from the action of the district court of Travis county sustaining the defendant Benson's plea in abatement, which application was denied. 245 S. W. 124.

[1-3] The question now before this court is as to the correctness of the order of the district court of Travis county in sustaining Benson's plea in abatement. The Court of Civil Appeals held that the plea in abatement was waived and should have been stricken out because it was not filed at or before the time the plea of privilege was filed, and that there was not sufficient identity of causes of action both as to parties and subject-matter to justify the sustaining of the plea in abatement. After a party has been properly cited to appear in a court of competent jurisdiction, if the cause is brought in a county other than that of the residence of the defendant, and he prefers to have the cause tried in the county of his residence, then he is entitled to have his plea of privilege passed on before the court takes any other action. We understand the object of the plea of privilege statute to be to give the defendant the right to have every phase of the case tried in the county of his residence, including a plea in abatement. If the trial court had sustained the plea of privilege, then he could not have heard the plea in abatement, and it is very probable that the defendant would not have filed the plea if the case had been transferred to the county of his residence. There could certainly be no good purpose served in forcing a defendant to file a plea in a court until after it was determined whether that court would have the right to pass on the plea. We think the present plea of privilege law supersedes other laws and rules of order of pleading so far as they affect the plea of privilege, and that, after a defendant has been properly cited, he is next entitled to have his plea of privilege determined before he is required to file any other pleadings.

The present trend of authorities seems to be to give a liberal construction to a plea of another suit pending affecting the same parties and subject-matter to the end that the court in which the cause is first filed shall try it.

In 1 Cyc. p. 21, we find this general statement:

"It is a general principle of the law that the pendency of a prior suit for the same thing, or as is commonly said, for the same cause of action, between the same parties in a court of competent jurisdiction, will abate a later suit."

And in 11 Cyc. p. 985, this other general statement:

"Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy."

In the Texas Trunk Ry. Co. v. W. H. Lewis et al., 81 Tex. 8, 16 S. W. 648, 26 Am. St. Rep. 776, Chief Justice Stayton wrote as follows:

"There is a manifest propriety, if not necessity, for holding that the court which first acquires jurisdiction over a controversy should maintain it undisturbed by the interference of any other court of co-ordinate jurisdiction. * * *"

In Sparks v. National Bank of Commerce et al., 168 S. W. 48, Judge Speer, for the Second Court of Civil Appeals, aptly stated our idea of the law governing this question:

"The facts appear to be undisputed, and the bare question of law is presented whether or not a prior suit pending between the same parties, involving the same cause of action, when properly interposed by plea, will abate a subsequent suit. There appears to be some confusion in the authorities upon this question. The cases of Garza v. Piano Co., 126 S. W. 906, and Liberty Milling Co. v. Continental Gin Co., 132 S. W. 856, appear to support the contention of appellee that the doctrine of the common law that a suit pending between parties precludes them from maintaining between themselves another suit on the same cause of action is not the law in Texas. But these authorities are disapproved in the later case of Goggan & Bros. v. Morrison, 163 S. W. 119, and to our minds a return is made to the better rule that such prior suit will abate a subsequent suit. Not only does this rule avoid the evil of a multiplicity of suits between the parties, which the law abhors, but it likewise avoids the possibility of conflicting judgments, thus producing interminable confusion and controversy."

In Fulmore v. Benson et al., 245 S. W. 124, in the injunction feature of this case above referred to, Chief Justice Key for the Austin Court of Civil Appeals made this observation with reference to this case:

"As the litigation was first started in the district court of Lubbock county, it seems to us

that that court would have as much, if not more, right to issue an injunction against Fulmore, requiring him to discontinue the prosecution of his suit in Travis county, and set up as a cross-action in that suit the cause of action asserted by him in suit in the district court of Travis county, and therefore we think the district court of Travis county ruled correctly when it refused to interfere in any wise with the proceedings in the district court of Lubbock county."

In Phillips v. Phillips, 223 S. W. 243, Chief Justice Key for the same court made this statement of the law applicable to this case:

"For the purpose of maintaining orderly procedure and that spirit of comity which should exist between tribunals of equal jurisdiction, when a suit has been commenced in one court and thereafter one of the litigants institutes a suit covering the same subject-matter in another court, the latter court ought to sustain a plea in abatement, when presented for consideration before the court has tried the case."

In the recent case of Long v. Long, 269 S. W. 207, in a well-considered opinion written by Judge Looney for the Dallas Court of Civil Appeals, we find these statements:

"The decisions of the courts of this state are in confusion on the subject of abatement. Some have held that the doctrine of the common law that a suit pending between parties precludes them from maintaining between themselves another suit involving the same cause of action in courts of equal jurisdiction is not enforced in Texas."
"The weight of authority, however, and the better view, we think, is in harmony with the common-law doctrine.
"It ought to be manifest that, in order to maintain an orderly procedure, and the spirit of comity that should at all times exist between tribunals of equal jurisdiction, when a suit has been commenced in one court, and thereafter one of the litigants institutes a suit against his adversary in another court of equal jurisdiction involving the same subject-matter, the latter should sustain a plea in abatement when timely and properly presented for consideration."

The following cases sustain the above quotations: Camp v. First Nat. Bank of Alpine (Tex. Civ. App.) 195 S. W. 217; Street et al. v. J. I. Case Threshing Machine Co. (Tex. Civ. App.) 188 S. W. 725; Miller & Vider Lumber Co. v. Williamson (Tex. Civ. App.) 164 S. W. 440; Thomas Goggan & Bros. v. Morrison et ux. (Tex. Civ. App.) 163 S. W. 119.

[4, 5] At the time Benson filed his plea in abatement, Fulmore had previously filed his amended answer in the Lubbock county case in which he pleaded that the assumption was not binding on him because he was induced to assume the payment of the notes through the fraud of Tubbs and in his cross-action asked for damages against Benson. This answer of Fulmore raised every issue

as against Benson that was raised by the pleadings of Fulmore in the Travis county case. The mere fact that Fulmore asked for damages in the Travis county case before he did in the Lubbock case, and made Tubbs a party to the suit in Travis county before he was made a party to the suit in Lubbock county, would not deprive Benson of his right, under the facts as stated, to have his suit to recover on Fulmore's assumption tried in Lubbock county.

[6, 7] The principal issue between Benson and Fulmore was as to Fulmore's liability on the assumption, and the Lubbock district court obtained jurisdiction of this issue by the filing of Benson's suit there. Fulmore could plead as many defenses to his liability on the assumption as he saw proper, but these defenses must be made in the court where recovery against him is sought. The matters of damages and making Tubbs a party were incidental to his defense of fraud to the cause pleaded against him in the Lubbock county case, and he could not avoid the trial of the main issue in the Lubbock court by first pleading these incidental matters in the Travis county court and later pleading his real defense in that court by amendment.

We think that the trial court properly sustained the plea in abatement, and recommend that the judgment of the Court of Civil Appeals be reversed and that of the trial court affirmed.

GREENWOOD and PIERSON, JJ. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.