## HOLCOMBE et al. v. HANBURY et al.

### No. 1499.

Court of Civil Appeals of Texas. Waco.

Oct. 5, 1933.

736

Samuel C. Harris, of Gladewater, and Graves & Long, of Dallas, for appellants.

Mayfield & Grisham, of Tyler, for appellees.

ALEXANDER, Justice.

The city of Gladewater, a municipal corporation, and T. J. Holcombe, J. H. Gage, G. A. Gamble, and P. P. Ballowe, as individuals, filed this suit in the Seventy-First district court of Gregg county on May 16, 1933, against Harry Hanbury, Charles Hogue, and J. V. Oberholtzer to restrain and enjoin the defendants from constructing, maintaining, and using a certain oil storage tank of the capacity of 37,500 barrels within the city limits of said municipal corporation. The defendant Harry Hanbury filed a plea in abatement in which he alleged that previously, on May 13, 1933, there had been filed and was then pending in the special district court of Gregg county a suit between the same parties involving the same subject-matter. The court, after hearing evidence in support of said plea in abatement, sustained said plea and dismissed the suit. The plaintiffs appealed.

Ordinarily, the pendency of a prior suit is grounds for abating a later suit involving the same cause of action and between the same parties. However, in order to sustain a plea in abatement because of the pendency of a prior suit, it must appear that the two suits are between the same parties and that the subject-matter and relief sought in the second suit are substantially the same as in the first suit. 1 Tex. Jur. 106; Businessmen's Oil Co. v. Priddy (Tex. Com. App.) 250 S. W. 156; Kansas City, M. & O. Ry. Co. v. State (Tex. Civ. App.) 155 S. W. 561. It is said that these identities exist when it is shown that the court in which jurisdiction was first acquired has all of the necessary parties before it, and that the questions involved in the suit pending therein are so identical with those involved in the second suit that a judgment in the former suit would be res adjudicata as against any judgment that might be rendered in the second suit. Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063.

An examination of the facts in this case shows that neither the issues involved nor the parties were the same in the two suits. The suit filed in the special district court on May 13th was brought by Harry Hanbury alone as plaintiff against A. J. Wood, who was alleged to be the mayor, J. C. Dunaway and J. M. McFarland, alleged to be commissioners, L. R. Neal, city secretary, and S. C. Harris, city attorney, of the city of Gladewater. It will be noted that the city of Gladewater was not made a party to this suit. The purpose of said suit was to enjoin said defendants as officers from interfering with the plaintiff's alleged right to construct and maintain said oil storage tank. The second suit filed on may 16th and here under consideration was filed by the city of Gladewater, a municipal corporation, and T. J. Holcombe, J. H. Gage, G. A. Gamble, and P. P. Ballowe in their individual capacity as property owners, against Harry Hanbury, Charles Hogue, and J. V. Oberholtzer to restrain the defendants from maintaining and constructing said storage tank. The city of Gladewater was asserting a right to enjoin the construction of said tank on the ground that the construction thereof within the city limits of said city was in violation of the city ordinances. Holcombe and the other plaintiffs were the alleged owners of the land upon which Hanbury, as an oil lessee, was attempting to erect said storage tank. Said individual plaintiffs were seeking to enjoin the construction and maintenance of said storage tank on the ground that it would create a fire hazard and endanger their homes and other property and otherwise constitute a private nuisance. Said plaintiffs were not only seeking to enjoin Hanbury as the owner from erecting said tank, but were seeking to

enjoin Hogue and Oberholtzer as contractors from constructing same.

From what has been said, it is apparent that neither the rights of the municipality as such, nor the private rights of Holcombe, Gage, Gamble, and Ballowe, plaintiffs herein, to enjoin the construction of said tank, nor the right of the defendants Hogue and Oberholtzer, to proceed with the construction of said tank, which are involved in this suit, were involved in the first suit filed in the special district court on May 13th. The trial court therefore improperly sustained the plea in abatement and dismissed the case. It appears that the trial court considered only the plea in abatement and did not pass upon the merits of the application for temporary injunction. The trial court may desire to hear evidence before determining whether or not a temporary writ should be issued, and, as we consider it primarily the duty of the trial court to first pass upon this issue, we deem it proper to remand the case rather than undertake to determine from the record whether or not such temporary writ should be granted.

The judgment of the trial court is reversed, and the cause remanded for a new trial, not inconsistent herewith.