The pendency of a prior suit in a federal court sitting in this state will not abate a subsequent suit in a court of this state, though the two suits are between the same parties and involve the same subject-matter. This is the rule in most jurisdictions. 1 C.J. p. 87, § 122; 1 R.C.L. p. 18, § 7. And it is well settled in this state. 1 Tex.Jur. Abatement and Revival, § 82; Bergholm v. Peoria Life Ins. Co. (Tex.Civ.App.) 63 S.W.2d 1064; International G. N. R. Co. v. Barton, 24 Tex. Civ. App. 122, 57 S.W. 292 (writ refused); Pecos 
N. T. R. Co. v. Porter (Tex.Civ.App.) 156 S.W. 267; Harby v. Patterson (Tex.Civ.App.) 59 S.W. 63.
The rulings in Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1070, and Supreme Forest Woodmen Circle v. City of Belton (Tex.Civ.App.)66 S.W.2d 439, are not to the contrary. The decision in Cleveland v. Ward, involved jurisdictional questions as between Texas courts. The decision in Supreme Forest Woodmen Circle v. City of Belton was an application of the doctrine of res judicata.
However, it is shown by certified copy filed in this court subsequent to the perfection of this appeal that the federal court case has been remanded to the district court of Bexar county. It would therefore not be proper, upon the ground above indicated, to reverse and here render judgment overruling the plea because upon retrial it could be shown both of the suits are now pending in the state courts.
Though both of the suits are now pending in the state courts, the plea is nevertheless not well founded.
In order to abate the Maverick county suit because of the pendency of the prior suit in Bexar county, it must be shown the two suits involve the same cause of action and be between *Page 1225 
substantially the same parties. 1 Tex.Jur. Abatement and Revival, §§ 76, 77 and 80.
The suit in Bexar county was not to rescind the sale of the dragline and cancel the purchase-money notes. If such were its nature, the plea would be well founded. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1070; Benson v. Fulmore (Tex.Com.App.) 269 S.W. 71; Camp v. First Nat. Bank (Tex.Civ.App.) 195 S.W. 217; Sparks v. National Bank (Tex.Civ.App.)168 S.W. 48; Long v. Long (Tex.Civ.App.) 269 S.W. 207; Haney v. Temple Trust Co. (Tex.Civ.App.) 55 S.W.2d 891.
The suit in Bexar county confirmed the sale of the dragline and seeks to recover damages in the sum of $2,950, which, by inference, it seeks to have applied to the payment of the second, third, fourth, and fifth notes. It does not in any degree attack the right of action of the Engineering Company upon the other notes and the mortgage securing their payment. If the plaintiff in the Bexar county suit recovered judgment awarding all the relief it seeks, such judgment would not in any wise impair the right of the engineering company to prosecute its suit upon notes six to fourteen and the mortgage. A decision test of the identity of causes of actions asserted in two suits is whether the judgment in the first suit will dispose of all issues involved in the two suits and be res judicata of the issues raised in the second suit. See Cleveland v. Ward, supra, where Chief Justice Cureton said:
"The causes of action in the two conflicting trial courts involve the same transaction and the same state of facts. That the two cases present in substance and effect the same cause of action we do not think debatable. A recovery in the Johnson county case cancelling the notes and deed of trust involved would necessarily be res adjudicata as against the cause of action asserted on these notes and deed of trust by the respondents herein as plaintiffs in the Dallas county suit. * * *
"Since the Johnson county court is a court of competent jurisdiction, and first acquired jurisdiction of this controversy, has all the necessary parties before it, and is entitled to proceed to judgment, and since it is evident that all questions necessarily or properly involved will be settled in that case, and that its judgment will be res adjudicata as against any judgment the Dallas county court might render, it follows, that the Dallas county case is abated by the Johnson county suit. Authorities supra; Benson v. Fulmore (Tex.Com.App.) 269 S.W. 71; Long v. Long (Tex.Civ.App.) 269 S.W. 207, and cases cited therein; Goggan Bros. v. Morrison (Tex.Civ.App.) 163 S.W. [119] 120; Miller 
Vidor Lumber Co. v. Williamson (Tex.Civ.App.) 164 S.W. 440 (writ refused); Sparks v. National Bank (Tex.Civ.App.) 168 S.W. 48; Camp v. National Bank (Tex.Civ.App.) 195 S.W. 217; State v. Reynolds, 209 Mo. 161,107 S.W. 487, 15 L.R.A.(N.S.) 963, 967, 123 Am.St. Rep. 468, 14 Ann.Cas. 198."
See, also, Holcombe v. Hanbury (Tex.Civ.App.) 63 S.W.2d 735, 736, where it is said: "Ordinarily, the pendency of a prior suit is grounds for abating a later suit involving the same cause of action and between the same parties. However, in order to sustain a plea in abatement because of the pendency of a prior suit, it must appear that the two suits are between the same parties and that the subject-matter and relief sought in the second suit are substantially the same as in the first suit. 1 Tex.Jur. 106; Business Men's Oil Co. v. Priddy (Tex.Com.App.) 250 S.W. 156; Kansas City, M. O. Ry. Co. v. State (Tex.Civ.App.) 155 S.W. 561. It is said that these identities exist when it is shown that the court in which jurisdiction was first acquired has all of the necessary parties before it, and that the questions involved in the suit pending therein are so identical with those involved in the second suit that a judgment in the former suit would be res adjudicata as against any judgment that might be rendered in the second suit. Cleveland v. Ward, 116 Tex. 1,285 S.W. 1063."
Since a judgment for the plaintiff in the Bexar county suit awarding all the relief sought would not dispose of all the issues presented by the Maverick county suit, the Bexar county suit cannot properly be regarded as involving the same cause of action except in part. Substantial identity of causes of action is lacking, for which the plea was improperly sustained.
Furthermore, the Contracting Company was a necessary party defendant to the Maverick county suit in the sense that its joinder was necessary in order to bind it by the judgment of foreclosure sought by the Engineering Company. The Contracting Company was not a party to the Bexar county suit. *Page 1226 
In order for the Engineering Company to obtain in the Bexar county suit the full relief which it seeks in the Maverick county suit, it would be compelled to file a cross-action and join the Contracting Company as a defendant.
In Business Men's Oil Company v. Priddy (Tex.Com.App.) 250 S.W. 156, 157, it was said: "It is true that a party who is sued may file a cross-action in such suit and secure any relief he may be entitled to in law or equity, but that fact does not in itself compel him to present such cause of action in that particular suit. 1 R.C.L. last part of section 5, p. 15. Such party has the right to insist upon the exercise of his election of his forum for trial, and this privilege should not be taken from him unless it is clear that the law requires that he surrender that right and litigate his cause of action in a forum chosen by his adversary."
We are of the opinion the above quotation is applicable here, and the two suits cannot properly be regarded as having substantially the same parties so as to render applicable the doctrine of prior suit pending as ground for abatement. Business Men's Oil Co. v. Priddy, supra; Holcombe v. Hanbury, supra.
The judgment of dismissal as to Wood is not disturbed; as to the other appellees the judgment is reversed generally and here rendered overruling the plea in abatement.