### CLACK v. SOUTHWEST DAIRY PRODUCTS CO.

### SAME v. McCALLUM.

Nos. 12302, 12309.

Court of Civil Appeals of Texas. Dallas.
May 30, 1936.

Rehearing Denied June 27, 1936.

Nathaniel Jacks, of Dallas, for appellant and relator.

Touchstone, Wight, Gormley & Price, of Dallas, for appellee and respondent.

LOONEY, Justice.

The material facts and court proceedings leading to the present controversy are these: For several years prior to January 1936, D. C. Clack, appellant, was employed by the Sunshine Dairy, selling and distributing milk and dairy products to its customers along certain routes in the city of Dallas. During January, 1936, the Sunshine Dairy sold its business to the Southwest Dairy Products Company, appellee herein, and after the sale, appellant continued with appellee in the same capacity, and after about a week the parties entered into a written employment contract, containing, among other things, a provision that, for one year immediately following the termination of his employment with appellee, appellant would neither directly nor indirectly engage in the same business within the territory covered by the route or routes upon which he had worked for appellee, or within two blocks or squares therefrom. On or about April 3, 1936, appellee discharged appellant, and on April 9, 1936, he filed suit against appellee in the 44th district court of Dallas county, being Cause Number 21128B on its docket, alleging, in substance, the facts detailed above, and that the written contract of employment before mentioned was without consideration, illegal, against public policy, and void, but that notwithstanding this fact, appellee was threatening to enforce the contract by court action, thus interfering with appellant's right to pursue a similar employment and practically reducing him to a condition of servitude, wherefore, he prayed for temporary relief, enjoining appellee from enforcing the contract, and, on final hearing, that the same be canceled and its enforcement permanently enjoined.

Honorable Towne Young, presiding judge of the 44th district court, entered a show-cause order on the application for a temporary injunction, and set the hearing for April 25, 1936. Citation in the main cause and notice of the preliminary hearing issued, and were duly served on April 10, 1936; however, before the day set for the hearing on the show-cause order, appellee filed suit against appellant, in the 101st district court of Dallas county, being cause No. 21282E on the docket of said court, alleging, among other things, the execution of the contract of employment before referred to, the termination of appellant's employment with appellee, and that thereafter appellant, disregarding his contractual obligations, engaged in the same business as that pursued by appellee, on the same routes as theretofore pursued, and threatened to continue such course of conduct and, unless restrained, would do so, to appellee's irreparable injury and damage; wherefore, appellee prayed for issuance of a temporary injunction, enjoining appellant from engaging in the milk business, either directly or indirectly, on the routes and within the territory specified in the employment contract, and that said injunction be made perpetual on final hearing, for damages, costs of suit, etc. On April 17, 1936, Hon. Claude M. McCallum, judge presiding in said court, authorized the issuance of the temporary injunction prayed for, pending final determination of the suit, and accordingly the same was issued and served. On April 22, 1936, appellant filed a motion to dissolve, a plea in abatement, and an answer to the merits of the cause. The motion to dissolve and abate the writ was set for hearing May 2, 1936, and on that day the parties appeared, announced ready, and a hearing was had. The order of court on the hearing, among other things, recites that: "The plea in abatement was presented to the court and proof was offered on the same. The motion to dissolve the temporary injunction was presented to the court. The court having heard the plea in abatement and the motion to dissolve the injunction hereby withholds any action on the plea in abatement and the motion to dissolve until cause Number 21123, now pending in the 44th Judicial District Court of Dallas County, Texas, in which D. C. Clack is plaintiff and Southwest Dairy Products Company is defendant is disposed of. The temporary injunction heretofore granted herein on the 17th day of April, is hereby renewed and kept in full force pending the final determination of this cause," from which this appeal was taken.

The legal effect of the court's order, in our opinion, was a denial of plaintiff's motion to dissolve the temporary injunc-

tion. The two suits—that is, the one in the 44th district by appellant against appellee, and the one in the 101st district court by appellee against appellant—involved the identical subject-matter. In the first, appellant seeks cancellation of and relief from the obligations of the employment contract; whilst in the second appellee, alleging its violation, seeks to prevent further violations. Clearly, the latter suit, under the well-established doctrine in this state, is abatable. After the development of this situation, by plea and proof, it was improper for the court to further exercise jurisdiction over the subject-matter. The injunction was ancillary to the main suit, and on the showing made should promptly have been dissolved. See Long v. Long (Tex.Civ.App.) 269 S.W. 207; Benson v. Fulmore (Tex.Com.App.) 269 S.W. 71; Barrier v. Lowery (Tex.Com.App.) 11 S. W.(2d) 298; Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063.

■ Our No. 12309 is an original application by appellant, as relator, for mandamus against Hon. Claude M. McCallum, district judge, as respondent. The application is pursued as an alternative remedy, upon the idea that, if the order on the motion to dissolve the temporary injunction, from which the appeal in No. 12302 was taken, is not a final and appealable order, that mandamus issue requiring respondent to proceed to final judgment on the motion to dissolve; but as we hold the order appealable, the application for mandamus will be denied.

These orders are without prejudice to the retention by the 101st district court on its docket, of the suit by appellee against appellant, pending final decision of the cause of appellant against appellee pending in the 44th district court; or of the transfer of either cause, as authorized by subdivision 21 of article 2092, R.S.; or of the consolidation of said causes, by the proper court, and on proper proceedings therefor.

In No. 12302, the order of the court below, denying appellant's motion to dissolve the temporary injunction, is reversed, and judgment is here rendered dissolving the same; and in No. 12309, the application for mandamus is denied.

Motion to dissolve granted; mandamus denied.