## OMOHUNDRO v. NOWLIN et al.

### No. 9073.

Court of Civil Appeals of Texas. Austin.

June 26, 1940.

Rehearing Denied July 10, 1940.

Baker & Baker and E. M. Critz, all of Coleman, for relator.

Dibrell & Snodgrass, of Coleman, for respondents.

## McCLENDON, Chief Justice.

This is an original proceeding in this court in which relator seeks a writ of prohibition and injunction to prevent the further prosecution of a suit in forcible entry and detainer brought by some of the respondents against relator in a justice court in Coleman County. The ground upon which the relief is sought is that the plaintiffs in the justice court suit had previously brought a suit against relator in the district court of Coleman County for title and possession of the same property as that involved in the justice court suit; which district court suit is now pending on appeal in this court under supersedeas bond; wherefore no right exists to prosecute the justice court suit.

For the purposes of this case it is only necessary to state that from the agreed facts it appears that Mrs. Nowlin et al. brought suit in trespass to try title in the district court of Coleman County against Omohundro to recover the title to and possession of certain business property in Coleman. Plaintiffs sequestered the property and Omohundro thereupon replevied it. The case was tried upon its merits and judgment was rendered decreeing title in plaintiffs and awarding writ of possession to them. Omohundro gave notice of appeal which he perfected by giving a supersedeas bond, and duly filed the record in this court where the case is now properly pending. Though the suit was in form in trespass to try title the title to the property was not in dispute, the only controversy being whether Omohundro, who was in possession as a tenant of plaintiffs, had a valid contract of tenancy which had not expired. The effect of the above proceedings in the district court case was to continue Omohundro in actual possession of the property pending his appeal in that case. Subsequently to filing the supersedeas bond, plaintiffs instituted against Omohundro the forcible entry and detainer suit in the justice court to obtain possession of the same property. Omohundro plead in abatement the pendency of the district court suit. The plea was overruled; the case was tried and judgment was rendered in Omohundro's favor. Plaintiffs appealed to the county court where the plea in abatement was again overruled, and the case stands for trial in that court and will be tried therein unless we grant the relief sought in the instant proceeding.

R.C.S. Art. 3994 reads: "The proceedings under a forcible entry, or forcible detainer, shall not bar an action for trespass, damages, waste, rent or mesne profits."

■ It has been the uniform holding under this Article that the action of forcible entry and detainer and the action of trespass to try title or other possessory action in the district court provide cumulative and not exclusive remedies and may be resorted to and prosecuted concurrently. Scott v. Hewitt, 127 Tex. 31, 90 S.W.2d 816, 103 A.L.R. 977; Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307; Dempsey v. Gibson, Tex.Civ.App., 100 S.W.2d 430; Hartzog v. Seeger Coal Co., Tex.Civ.App., 163 S.W. 1055; Bull v. Bearden, Tex.Civ.App., 159 S.W. 1177; 19 Tex.Jur., p. 966.

■ Since the judgment in the district court case is on appeal to this court, and especially since it has been superseded, the cause is still a pending one, and the concurrent, cumulative remedy of forcible entry and detainer may, under this article and these authorities, be prosecuted and is not subject to be abated.

It is relator's contention that the Hartzog case, above, is predicated upon the following holding in Garza & Co. v. Piano Co., 59 Tex.Civ.App. 590, 126 S.W. 906, 907: "The doctrine of the common law that a suit pending between parties precludes them from maintaining between themselves another suit on the same cause of action in courts of the same jurisdiction is not enforced in Texas." Which holding has been overruled in Cleveland v. Ward, 116 Tex. 1,

285 S.W. 1063, and a number of other cases.

This is correct. But we do not regard the decision as predicated upon that holding alone; since the Bearden case, above, is also cited. Be that as it may, the fact that the decision may be rested, either in whole or in part, upon an erroneous theory, does not destroy its inherent soundness. It is cited with approval by Mr. Associate Justice Sharp, in his opinion in the Holcombe case above. Of course, the court in that case merely approved the decision in the Hartzog case, the effect of which was that the two remedies were concurrent. The citation with approval of the Hartzog case cannot be construed as in any sense approving the above overruled holding in the Garza case.

Independently, however, of the Hartzog decision, the authorities are uniform to the affect above announced; and control our decision in this case. The holding that the remedies are concurrent and cumulative is predicated upon express statutory enactment; and the holding in Cleveland v. Ward has, therefore, no application.

The prayer of the petition is denied.

Petition denied.